MARTHA A. LIVERMAN v. ROANOKE & TAR RIVER RAIL-
ROAD COMPANY.

*Action for Damages — Eminent Domain — Injury to Lands
Adjoining Lands Sought to be Condemned — Damages
Recoverable by Grantee of Lands.*

1. Where the enjoyment of an easement by a railroad in the lands of a land-owner has the effect of injuring adjoining lands of the owner damages are recoverable for such injury.

2. In condemnation proceedings there can be no recovery of damages incident to the entry—such as for destruction of crops and the like—nor for use and occupation before plaintiff acquired title, for these are personal to the owner and do not pass to the grantee.

ACTION for damages to land, tried at November Special Term, 1893, of BERTIE Superior Court, before *Bynum, J.*

The facts of the case appear in the report of the former appeal (109 N. C., 52). Upon the filing of the certificate of the Supreme Court commissioners were appointed to assess damages sustained by plaintiff, and at May Term, 1893, of Bertie Superior Court, the Court being of opinion that the plaintiff was entitled to a jury trial, it was ordered that the case be tried by a jury on the issues arising on the pleadings as to damages and exceptions to the report of the commissioners. On the trial at November Term, 1893, the plaintiff insisted that she had the right to recover actual damages to the land besides the actual value of the

land taken. The defendant insisted that, under the decision of the former appeal as reported in 109 N. C., p. 52, the plaintiff was limited to the value of the land actually taken, and this was the sole contention.

The following facts were admitted by both parties:

" 1. The railroad was completed on the *locus in quo* more than two, but less than three, years before this action was commenced.

" 2. That at the time said railroad was constructed and completed the plaintiff was not the owner of the *locus in quo*.

" 3. That at the time the road was built Joseph John Harrell and wife were the mortgagors in possession of said land and J. W. Perry and T. R. Jernigan the mortgagees, and under a foreclosure of said mortgage J. W. Perry became the purchaser, and on May 15, 1890, conveyed the *locus in quo* to defendant.

" 4. On May 19, 1887, said J. John Harrell and wife conveyed to defendant the right of way over said land. The said mortgage was registered prior to the commencement of the construction of said road, and no consent to said right of way was obtained from said mortgagees.

" 5. And the damages (if the plaintiff is entitled to recover) are to be hereafter assessed according to law.

" 6. The charter of defendant company, as it appears in the Act of Assembly, is made a part of the statement of facts."

The plaintiff tendered the following issue:

"What amount of compensation is the plaintiff entitled to by reason of the construction of the road across her lands and building the depot thereon?"

The defendant tendered the following issue:

"What was the value of the lands taken and occupied by the defendant at the time of its occupancy?"

The Court declined to submit either of these issues, and submitted the following:

"1. What was the value of the land taken and occupied by the defendant at the time of its occupancy? Answer, $125.

"2. What is the damage, if any, to the other lands of the plaintiff (set out in the pleadings) by reason of the building of said railroad through her lands and its use and operation by the defendant? Answer, $375.

The plaintiff then introduced as a witness one· White, and proposed to ask him how much damage the railroad and depot do the lands of the plaintiff. To this question the defendant objected. Objection overruled, and the defendant excepted.

Witness testified that, considering the way the land was left, injury to drainage and inconvenience the road made in farm, it was damaged $1,000.

The plaintiff offered several other witnesses, whose evidence tended to show that the land actually taken was worth $125; that the damage to the land not actually taken was from $500 to $800, caused by draining water on the land, thereby rendering it unproductive, and the inconvenience caused in getting about the farm, the road running entirely across the farm, from three-quarters to one mile, cutting it in two parts; could not cross the railroad in the farm except at one place; could not drain the land.

The defendant introduced witnesses tending to show that the actual value of the land taken was $125, and the damage to the other lands nothing.

Upon the conclusion of the evidence the defendant asked, in writing, for the following instructions:

"1. That the plaintiff can only recover the value of the land taken and occupied by the defendant for its road-bed and depot.

"2. That if the jury find that the defendant company had appropriated the land described in the pleadings before the plaintiff acquired the same by deed from J. W. Perry, then that the plaintiff, not being the tenant in possession at the time of its occupation, is not entitled to such damages as were incidental to defendant's entry thereon."

There was no exception by the defendant to the instruction of the Court as to the measure of damages, the only point raised being that the plaintiff was limited to the value of the land actually taken.

The jury returned a verdict answering the first issue "$125," and the second issue "$375." The defendant then prepared and tendered to the Court judgment for $125, upon the payment of which the plaintiff should execute deed to the defendant for the land actually taken and in the occupation of the defendant.

The Court refused to sign such judgment, and adjudged that the plaintiff recover of the defendant the sum of $500 and costs of the action, upon payment of which title to the land taken should vest in the corporation as allowed by its charter and by chapter 49, Vol. I of *The Code*, and that the right of the plaintiff should thereupon be divested in and to the same. From this judgment the defendant appealed.

*Mr. F. D. Winston*, for plaintiff.
*Messrs. J. B. Martin, R. B. Peebles* and *W. H. Day*, for defendant (appellant).

SHEPHERD, C. J.: When this case was before us on a former appeal (109 N. C., 52) it was held that the defendant acquired no title to the right of way under the deed of the mortgagor, and that the mortgage having been foreclosed the title to the land became vested in the plaintiff, who purchased at the foreclosure sale. We also held that under

the general railroad act (the provisions of which control this case) the simple entry and occupation of the defendant conferred upon it no right to the easement, and that this could only be acquired by grant or by virtue of proceedings to condemn.    This being so it is plain that unless an easement is acquired in some way by the defendant it has no legal right to occupy any part of the plaintiff's land ; and as this right is to be acquired in this proceeding it must follow that compensation must be awarded the plaintiff not only for the land actually occupied, but also for damages to her adjoining land, as in other cases.    The plaintiff, as we remarked on the former appeal, can recover no damages incident to the entry—such as the destruction of crops and the like—nor for use and occupation before she acquired title.    These damages are personal to the owner—"fruit fallen"—and do not pass to his grantee. The plaintiff is not seeking to recover such damages in this action, but simply compensation for an easement which the defendant is now to acquire in her land, and if the enjoyment of this easement will have the effect of injuring the adjoining lands of the plaintiff it must follow that such damages must also be assessed.    Counsel for defendant contended that, conceding this to be true, there was error in submitting issues which comprehended other elements of damage, and that the jury might have included the damages personal to the former owner.    In answer to this proposition it is only necessary to say that there was no evidence of any damage except for the land taken and the injury to the adjoining land.    It is further to be noted that there is no exception whatever as to the measure of damages nor to the charge of the Court, "the only point raised being that the plaintiff should be limited to the value of the land actually taken."

As the leading principle governing the case was examined and passed upon in the opinion upon the former hearing. it is unnecessary to enter into a more elaborate discussion. of the subject.

We will remark, however, that a different rule prevails where a right is acquired by the entry alone, leaving the damages to be subsequently assessed, and the authorities, therefore, from such jurisdictions are not in point. It may further be observed that if the previous owner had sued for permanent damages by reason of the location and construction on the road he would by such act have conferred the easement upon the defendant. *White* v. *Railroad*, 113 N. C., 610—622. Such does not appear in this case, and we can see no error in the ruling of the Court. The exception relating to the right of a jury trial upon the exceptions of the commissioners was abandoned on the argument.

Affirmed.