JOHN FERNIE v. THE CHICAGO, ROCK ISLAND & PA-
CIFIC RAILWAY COMPANY.

**No. 744.*** (58 Pac. 492.)

1. RAILROADS—*Case Followed.* The decision in *Briggs v. C. K.
& W. Rld. Co.*, 56 Kan. 526, 43 Pac. 1131, followed.

2. ———— *Grant of Right of Way—Rights of Mortgagee.* Where
the mortgagor of land grants the right of way to a railroad com-
pany without the consent of the mortgagee, and without any pro-
ceedings to condemn the land, the mortgagee's interest is not
affected, and the purchaser at a foreclosure sale under the mort-
gage, or his grantee, may sue the company for compensation,
though he cannot recover damages incident to the entry before
he acquired title. (*Livermon v. Railroad*, 109 N. C. 52, 11 S. E.
734.)

Error from Harvey district court; F. L. MARTIN,
judge. Opinion filed October 12, 1899. Reversed.

*D. H. Martin*, for plaintiff in error.

*M. A. Low*, and *W. F. Evans*, for defendant in error.

The opinion of the court was delivered by

MILTON, J.: In 1893 the defendant in error pro-
ceeded under the statute to condemn and appropriate
a right of way for its railroad over and across the
premises of the plaintiff in error, described as the
northeast quarter of section 7, township 26 south,
range 10 west, in Reno county. From the award of
damages in the condemnation proceedings Fernie
duly prosecuted an appeal to the district court of that
county, claiming in his petition damages in the sum
of $1500; $500 being for the land taken for the right
of way and $1000 for injury to the land not taken.
The railroad company answered by a general denial.

Fernie v. Railway Co.

The jury returned a verdict in favor of Fernie, award-
ing him damages in the sum of $203.10.   Fernie filed
a motion for a new trial, which was overruled, and
judgment was entered upon the verdict.

At the trial the following state of facts was shown :
The Chicago, Kansas & Nebraska Railway Company,
prior to constructing its line of railroad upon the right
of way in question, had purchased such right of way
from the mortgagor in possession of the above-de-
scribed tract of land, and the railroad has been con-
tinuously operated over and across the same from some
time in the year 1887 by that company and its succes-
sor, the Chicago, Rock Island & Pacific Railway Com-
pany, defendant below ; the mortgage was foreclosed
in 1892, both of the railroad companies being parties
to the foreclosure action, and in December of that
year the mortgaged land was sold, and at the request
of the defendant in error the part of the tract outside
of the right of way was first sold and thereafter the
right of way, both being purchased by Fernie.   The
sale was duly confirmed by the court and a sheriff's
deed issued and delivered to the purchaser.   Shortly
thereafter the condemnation proceedings out of which
this action grew were begun, the awarded damages
being $100 for the land taken, and $100 for the land
not taken.   The only improvements on the strip of
land occupied as the right of way were those put there
by the railroad company.   On the trial the plaintiff
sought to prove damages to the tract outside of the
strip taken in the condemnation proceedings, but the
court refused to receive the offered proof.   He further
offered to prove as a part of his case the value of the
rails, ties and other materials attached to the right of
way and forming a part of the line of defendant's rail-
way, but the court held the offered evidence to be in-
admissible.

Plaintiff in error renews in this court the contention which was expressly overruled by the trial court, namely, that he is entitled to recover damages for the value of the strip of land occupied by the right of way, with all the improvements thereon, and damages for injury to the tract as a whole. The first contention must be upheld under the authority of the decision in *Briggs v. C. K. & W. Rld. Co.*, 56 Kan. 526, 43 Pac. 1131, wherein the second paragraph of the syllabus reads :

"After A. had mortgaged a tract of land, he executed a deed to a railroad company for a strip across the same, and the company constructed its railway, erected a depot, and made other improvements upon said strip. The assignee of the mortgage brought his action to foreclose it, making the railroad company a party, and it answered, setting up a right to occupy the strip by virtue of said deed from A., but by the decree it was barred, enjoined and cut off from claiming any estate or interest in the mortgaged premises, which were sold by the sheriff, and upon confirmation he executed to the purchaser a deed for the same. Afterward, in a proceeding instituted by the railroad company, the strip occupied by it was condemned, but no award was made by the commissioners, nor by the court upon appeal, for the value of said improvements. *Held*, that the title to the improvements passed by the sheriff's deed as part of the real estate, and the purchaser was entitled to an award for their value."

While it may be true as claimed by counsel for the defendant in error that the foregoing decision is out of line with the decisions of the courts generally upon the question involved, and while it may also seem to be opposed in principle to the cases of *Cohen v. St. L. Ft. S. & W. Rld. Co.*, 34 Kan. 158, 8 Pac. 138, and *A. T. & S. F. Rld. Co. v. Morgan*, 42 id. 30, 21 Pac. 809, yet it is the law which must govern in the present case.

Fernie v. Railway Co.

As to the other contention, the following from the syllabus in *Livermon v. Railroad*, 109 N. C. 52, 13 S. E. 734, states our conclusion :

" Where the mortgagor of land grants a right of way to a railroad company without the consent of the mortgagee, and without any proceeding to condemn the land, the mortgagee's interest is not affected, and the purchaser at a foreclosure sale under the mortgage, or his grantee, may sue the company for compensation, though he cannot recover damages incident to the entry before he acquired title."

The trial in this action occurred more than two years prior to the decision in *Briggs v. Railway Co.* In the light of that decision, it is clear that the trial court erred in excluding the evidence offered by the plaintiff concerning the improvements upon the right of way, and the judgment entered is consequently erroneous.

We have considered the defendant's motion to dismiss the petition in error.   We find upon the evidence before us that the motion must be overruled.

The judgment of the district court is reversed and the cause remanded for a new trial.