BEAL v. RAILROAD CO.

(Filed October 25, 1904).

1. EMINENT DOMAIN — *Railroads—Damages—Easements—The Code, sec. 1946.*

The purchaser of land subsequent to the location thereon of a railroad may recover permanent damages for the easement taken.

2. EMINENT DOMAIN—*Railroads—Easements—Judgments—Damages.*

In an action for damages for the location of a railroad on the land of the plaintiff the judgment should definitely fix the land over which the road is located and the width of the right of way.

ACTION by J. W. Beal against the Durham and Charlotte Railroad Company, heard by *Judge H. R. Bryan* and a jury, at February Term, 1904, of the Superior Court of CHATHAM County. From a judgment for the plaintiff the defendant appealed.

*Womack & Hayes,* for the plaintiff.
*Guthrie & Guthrie,* for the defendant.

CONNOR, J. This is a special proceeding brought by the plaintiff to recover damages to his land over which defendant corporation has located its track. There are a number of questions raised which we do not deem it necessary to consider. The pleadings and verdict of the jury establish the following facts: The road was originally located during the year 1893 over a tract of land which did not at that time belong to the plaintiff. The claim for damages on account of that entry and location is barred by the statute of limitations and is thus eliminated from the case. The defendant, within two years and prior to the purchase of the land by the plaintiff, re-located its road, changing its line

so as to avoid a curve over the land purchased after such re-
location by the plaintiff. The jury find that by this entry
and location the plaintiff has sustained one hundred and
fifty dollars damage. The defendant moved in arrest of
judgment, assigning quite a number of grounds therefor.
The principal contention is that at the time of the entry
and new location the land did not belong to the plaintiff,
and that whatever damage was sustained belongs to the plain-
tiff's grantor; that plaintiff took the land subject to the bur-
den. This Court has decided the question adversely to the
defendant's contention. We can add nothing to the discus-
sion of the question by *Shepherd, J.,* in *Livermon v. Rail-
road,* 109 N. C., 52; *Phillips v. Telegraph Co.,* 130 N. C.,
513, 89 Am. St. Rep., 868. The claim of the plaintiff is
not for a trespass, which is personal and does not pass with
the title, but for payment of an easement acquired by the
defendant by the entry and location of its road-bed. The
defendant was entitled by its charter or by section 1946 of
The Code to enter upon the land and locate its road. It
acquired the easement, either by condemnation proceedings
properly conducted, or by paying the value thereof, as as-
sessed in a proceeding brought by the owner of the land.
The measure of damages in such case is pointed out in *Liver-
mon v. Railroad,* 114 N. C., 692, and his Honor confined
the jury to the rule therein prescribed. The defendant says,
however, that the description of the land in the complaint is
too indefinite and the extent of the easement to be acquired
is not fixed in the judgment. That under section 1946 of
The Code it is entitled to have a copy of the judgment re-
corded in the office of the Register of Deeds in the county
wherein the land lies and this record shall constitute its
muniment of title. That the judgment rendered in this
proceeding neither describes the land or the width of the
right of way acquired, nor does it make any reference to the

charter or the complaint by which its rights may be fixed. We are of the opinion that the defendant's contention in this respect is well founded. The judgment is framed as in an ordinary action for damages for a trespass and confers upon the defendant no right to any easement. The reason upon which the plaintiff is held to be entitled to recover is that he in this manner receives payment for the permanent burden imposed upon his land, and certainly when he receives the amount awarded him the defendant should have some record evidence of the extent of the right thereby acquired. The complaint should have given a more definite description of the land over which the defendant had located its road. The Court upon motion would have required him to have done so, but the defendant made no such motion. If the plaintiff desired to restrict the width of the right of way he should have alleged that full width which defendant was empowered to take was not necessary for its road-bed, etc., or if defendant did not wish to acquire an easement to the extent of its chartered right and pay therefor, either party may have so stated in the pleadings. In the absence of any such suggestion we must assume that it was intended to vest in the defendant a right of way of the width fixed by the charter. This was conceded on the argument. The judgment should be so drawn as to fix definitely the land over which the road is located, the width of the right of way, either by examining the charter, which for that purpose may be put in evidence, or by referring to it by title, etc. When the judgment is so reformed the plaintiff will be entitled to the amount assessed as compensation for the easement. The other grounds upon which the motion in arrest is made cannot be sustained. Neither party will recover any cost in this Court. The judgment is

Modified and Affirmed.