WATAUGA AND YADKIN RIVER RAILROAD COMPANY v. BLANCHE
FERGUSON.

(Filed 5 May, 1915.)

**1. Railroads — Easements—Rights of Way—Payment of Assessment—Right
of Appeal—Statutes—Amendments.**

On appeal by a railroad company from the amount of the assessment to
be paid the owner of lands for its right of way it is necessary for the
company to pay the money into court before building and operating its
road [Revisal, secs. 2587, 2567 (4), 2566]; but this does not preclude the
right of subsequent legislation to permit by special charter the railroad
to appeal without paying the assessment until final judgment.

**2. Same — Final Judgment — Taking of Property—Compensation—Constitu-
tional Law.**

Where a legislative charter of a railroad company requires the company
to pay the assessment for the right of way into court before acquiring the
right to construct its road thereon pending appeal, and thereafter, and
subsequent to the general statutes on the subject, an amendment is made
by the Legislature, permitting the company, after the amount of compen-
sation has been fixed by certain proceedings provided for, to enter upon
the lands for the purpose of constructing its road without condemnation.
It is not a taking of private property prohibited by the Constitution, for
the title to the right of way does not pass until final judgment and com-
pensation in accordance therewith.

APPEAL by plaintiff from *Harding, J.,* at August Term, 1914, of
CALDWELL.

*Squires & Whisnant for plaintiff.*
*W. C. Newland and Hackett & Gilreath for defendant.*

CLARK, C. J.   This is an appeal from an order of the clerk approving
the assessment of damages by the commissioners condemning the right of
way for the plaintiff under its charter, Private Laws 1905, ch. 411.

Revisal, 2587, provides: "If the said company at the time of the
appraisement shall pay into court the sum appraised by the commis-
sioners, then and in that event the said company may enter, take posses-
sion, and hold said lands, notwithstanding the pendency of the appeal,
and until the final judgment rendered on said appeal." The charter of
the plaintiff, Private Laws 1905, ch. 411, is practically to the same effect
as the provision in Revisal, 2567 (4), which provides that the railroad
company may lay out its road not exceeding 100 feet in width and con-
struct the road, making compensation therefor as provided by that chap-
ter for lands taken for the use of the company.

Chapter 11, Private Laws 1913, amends this provision of the charter
(sec. 4, ch. 411, Pr. Laws 1905) by adding at the end thereof: "after
the amount of such compensation shall have been determined by a pro-
ceeding instituted either by said railroad company or by the owner of
the lands through which the line of said railroad may run; and said
railroad company shall not be required to institute proceedings for the

condemnation of lands prior to the time of entering upon the lands of any person for the purpose of constructing its line of railroad." The plaintiff entered upon the right of way, constructed its road, and is now operating traffic over the same. The defendant relies upon Revisal, 2566, which provides that that chapter (ch. 61) "shall govern and control, anything in any special act of the Assembly creating a railroad corporation to the contrary, notwithstanding, unless in the act of the General Assembly the section or sections of this chapter intended to be repealed shall be especially referred to by number and, as such, shall be repealed." This reference was not made in chapter 11, Private Laws 1913, and on motion of the defendant the court dismissed the plaintiff's appeal upon the ground that, not having paid into court the $800 assessed for damages, the plaintiff could not prosecute its appeal.

It is true that Revisal, 2566, was held valid in *R. R. v. R. R.,* 106 N. C., 16, and *Liverman v. R. R.,* 109 N. C., 52, but said section 2566 of the Revisal is like any other act of the Legislature and is subject to any subsequent legislation, and is only useful in construing the meaning of subsequent legislation when it is doubtful. But it cannot have the effect to prevent antagonistic legislation at a subsequent date.

The amendatory act, chapter 11, Private Laws 1913, authorizes the plaintiff company to enter "upon the lands of any person for the purpose of constructing its line of railroad" without prior thereto instituting proceedings for condemnation. The power of the Legislature to authorize the taking of property under the right of eminent domain without requiring the precedent payment therefor is discussed and decided in *S. v. Lyle,* 100 N. C., 497, and has been approved since. See citations in Anno. Ed. It is there held that compensation must be provided for to warrant the taking, but that it need not precede the taking, and that "the owner is confined to the special remedy given him by the statute under which his property is seized."

In *S. v. Wells,* 142 N. C., 593; *Street R. R. v. R. R., ib.,* 438; *S. v. Mallard,* 143 N. C., 666, the Court held that under the general statute a railroad company had no right to begin the construction of its road until the payment into court of the damages assessed, and that its only right prior to payment thereof into court was to enter on the right of way merely for the purpose of surveying and laying it off, so that the commissioners might assess damages. But, as we have seen, under the amendment to the charter of the plaintiff company by chapter 11, Laws 1913, the plaintiff could construct its railroad before complying with this requirement. This does not deprive the defendant of proceeding to collect the compensation assessed on the final trial, for until payment therefor the title to the easement in her hands does not pass to the plaintiff company.

Reversed.