WALKER, J., dissenting.
This is an indictment for forcible trespass. The defendants, employees of a railroad company, were engaged in grading the right of way across the lands of Jesse Dula, brother of the prosecuting witness. They owned adjoining tracts of land on the southwest side of Elk Creek. The prosecuting witness also owned land on the other side of the creek, where he lived. Before the survey for the railroad was made he executed a deed for a right of way across his land, with the stipulation that it should not run between his dwelling and Elk Creek. In locating the road the engineers found it to be difficult to avoid locating the track between his dwelling and Elk Creek. They therefore proposed to locate it there with a view of paying him for the right of way, since that location was not permitted under his deed. He obtained a restraining order against the construction of the road between his dwelling and the creek. This delayed the construction of the road, and the company abandoned that route and obtained a right of way from other parties on the south side of the creek, so as to again reach its line where it had been located beyond the prosecutor's land, on the north side. In doing this, the company had to run over 80 to 100 feet of his land on the south side of the creek. The prosecutor obtained a restraining order to prevent this, which was dismissed by the judge 26 August, 1914, about a (754) month before the trespass alleged. When the grading had gotten within 50 or 100 feet of the prosecutor's line at that point he stretched a wire across the right of way, on 23 September, from a willow to a stake. This being torn down by some one, on the morning of 25 September, 1914, the day of the alleged tresspass [trespass], he went to the location armed with two double-barreled shotguns and supplied with two boxes of shells. He again put up the barbed wire across the right of way, stretching it from the willow on the bank of the creek to a stake 45 feet distant. This fence inclosed nothing and was intended to inclose nothing.
The defendants, railroad employees, in going to their work on Jesse Dula's land had been in the habit of crossing the creek at the ford and then going up the creek bank without getting on the prosecutor's land. When the defendant railroad hands came to their work the morning in question the prosecutor was there with his armament and forbade them going on with the work, saying that he would kill the first man that attempted it. Walter Jones, one of the defendants, happened to come along the public road on some errand, and, seeing that trouble was *Page 846 
likely, asked the other defendants to wait until he could get an officer to help him preserve the peace. When the officer came the foreman of the [workers] and one of the hands proceeded to cut the wire and fill up a ditch which the prosecutor had cut as an obstruction. He forbade them to do this, and attempted to shoot, but was prevented by the officer.
Upon the evidence the court should have instructed the jury to return a verdict of not guilty.
The defendants were employees grading the right of way of the Watauga and Yadkin River Railroad Company, whose charter gave it the right to go upon land and construct its road before instituting condemnation proceedings. Its amended charter giving the above powers, is chapter 11, Pr. Laws 1913, which amended the previous charter, chapter 411, Pr. Laws 1905, and contains this provision: "And said railroad company shall not be required to institute proceedings for the condemnation of lands prior to the time of entering upon the lands of any person for the purpose of constructing its line of railroad." This provision of its charter has been recently upheld in R. R. v. Ferguson, 169 N.C. 70.
The court was possibly misled by S. v. Davenport, 156 N.C. 596, where it was held that the entry into the possession of another by (755) force, no matter how that possession was obtained, for what purpose, or how long exercised, would make the defendants guilty. In that case the alleged trespass was on behalf of a lumber company which did not possess the right of eminent domain. But here the defendants have entered under the right of eminent domain, and the company was entitled to possession, having surveyed and located the right of way and entered thereupon for the construction of the road.
The prosecutor had been successful by his restraining order in preventing the locating of the road on his side of the creek between his dwelling and the stream. The railroad company had then changed its location of the right of way to the other side of the creek, and the restraining order against the company from using that location, which the prosecutor had sued out, had been dissolved on 26 August by the judge, who had thus upheld the legality of possession of the right of way by the railroad company. The resort of the prosecutor thereafter to his "shotgun injunction," with the accompaniment of barbed-wire entanglements and trench, could not make the possession of the railroad company *Page 847 
illegal nor reverse the action of the judge in dissolving the restraining order.
Upon the facts in this case there was a forcible trespass, but it was not by these defendants. The prosecutor was the party liable to indictment. The right of eminent domain is in the State, and was conferred by it upon this railroad company rightfully, as the construction of a railroad is "for a public purpose." This location did not come under any of the exceptions in the statute, Revisal, 2587. It did not invade any dwelling-house, yard, kitchen, garden, or burial ground.
In refusing the motion to nonsuit there was
Error.