Z. M. CAVENESS v. CHARLOTTE, RALEIGH AND SOUTHERN
RAILROAD COMPANY.

(Filed 25 October, 1916.)

**1. Railroads—Streets—Additional Burden—Abutting Owners—Compensation —Constitutional Law.**

The construction and operation of a steam railroad upon a street is an additional burden thereon not contemplated by or included in the original dedication for street purposes, and is a physical interference with the proper enjoyment of an abutting owner on the street of his easement therein; and when used without compensation amounts to a "taking" within the meaning of the Constitution, though neither the abutting lot nor a part thereof has been entered upon by the railroad company.

**2. Same—Measure of Damages.**

Where a steam railroad enters upon a street in front of an abutting owner thereon, and constructs and operates its railroad there so as to constitute an additional burden, to the injury of the owner, for which compensation should be allowed, the owner may recover for the injury to the extent that the value of his property is impaired by the obstruction or hindrance to his easement, and by the annoyances and inconveniences usually allowed for in condemnation proceedings.

**3. Railroads—Streets—Additional Burden—Deeds and Conveyances—Actions —Statutes.**

The act of a railroad in entering upon and constructing and operating its railroad over a street abutting the lands of another, without having resorted to condemnation proceeding or having otherwise acquired the right, is a continuing trespass upon the lands of the abutting owner, and the right to recover permanent damages therefor will pass to the grantee of the owner, when no other provision has been made in the deed, unless the grantor has theretofore instituted his action to recover them,

**4. Same—Lis Pendens—Motion in Cause.**

Where the owner of lands at the time of the entry of a steam railroad company on his easement in a street has a right of action against it for permanent damages, which he brings and then conveys the land to an-

20—172

other, the proceedings thus instituted may be carried on and perfected as if no conveyance had been made, such proceedings constituting a *lis pendens*, Revisal, sec. 2594; and the vendee must assert his right by action or appropriate proceedings in the cause.

**5. Railroads—Streets—Additional Burden—Damages—Actions—Title to Easement—Deeds and Conveyances.**

Where a railroad company, without authority, enters upon a street abutting the lands of private owners, and constructs and operates its railroad thereon, the owner, by instituting his action to recover damages, confers the right to the easement to the railroad company, upon payment and tender, etc., by the company of the amount awarded by the appraisers; and where no action has been instituted, and the lands have been conveyed after their appropriation and use by the company, the right to recover permanent damages therefor inures to him who first institutes his action pending his ownership, unless there is a different provision in the conveyance.

CIVIL ACTION tried before *Connor, J.,* and a jury, at March Term, 1916, of WAKE.

The action was to recover permanent damages, claimed by plaintiff by reason of the construction and operation of defendant railroad, and the facts in evidence tended to show that in 1913 plaintiff was the owner and in the possession and occupation of a house and lot in the city of Raleigh abutting on Boylan Avenue on the east and on Montford and Cutler streets on the north and west, and at said time defendants constructed their railroad leading out of Raleigh, N. C., across said Montford and Cutler streets at the intersection of the two, and along Cutler Street for a distance of 60 feet and more, this being the locality where plaintiff's lot adjoined said streets, and the track of the road at that place being in a cut, excavated for the purpose, about 22 feet deep.

There was also evidence on the part of plaintiff tending to show that the value of his lot was greatly impaired by the building of said road and the running of defendant's trains thereon, by the noise, smoke, cinders, dust, and other inconveniences incident to its operation, etc.

It further appeared that in June, 1913, the road then being completed and in operation, plaintiff instituted this action to recover permanent damages for the injury to his property, duly filing his complaint therefor on 27 February, 1913, and that pending said suit, to wit, on 14 April, 1914, plaintiff sold and conveyed the house and lot to one J. A. Sanders, and he, in turn, had since sold and conveyed to others.

On denial of liability, the cause was submitted on issues, and verdict rendered, as follows:

1. Was the plaintiff the owner of the property described in paragraph 5 of the complaint at the time of the location, construction, and operation of defendant's railroad? Answer: "Yes."

2. Did the plaintiff commence this action and file his complaint herein after the construction and operation of defendant's railroad and before the sale and conveyance of said property by him? Answer: "Yes."

3. What damage, if any, is the plaintiff entitled to recover of the defendant by reason of the location, construction, and operation of said railroad? Answer: "$2,000."

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*J. W. Hinsdale, Jr., Winston & Biggs for plaintiff.*
*R. N. Simms for defendant.*

HOKE, J. It is objected for defendant that as no part of plaintiff's lot was taken by the railroad company, he is not entitled to recover damages for any impairment of value caused by the operation of defendant's trains; but the authorities are to the effect that the construction and operation of a steam railroad on a street is an additional burden not contemplated or included in the original dedication for street purposes, and that the same constitutes a physical interference with the proper enjoyment of his easement on the street by an abutting owner which amounts to a "taking," as the term is used and understood in applying the principles of eminent domain, and, this being true, such owner may recover for the injury to the extent that the value of his property is impaired by the obstruction or hindrance to his easement and by the annoyances and inconveniences usually allowed for in condemnation proceedings. *Kirkpatrick v. Piedmont Trac. Co.,* 170 N. C., 477; *R. R. v. Mfg. Co.,* 169 N. C., 156; *R. R. v. Armfield,* 167 N. C., 464; *R. R. v. McLean,* 158 N. C., 498; *Staton v. R. R.,* 147 N. C., 442.

In *Thomason v. R. R.,* 142 N. C., pp. 300-318, to which we were cited on the argument, the question chiefly presented was the right of an owner of real property *abutting* on a railroad right of way to recover of the company by reason of the manner its trains were being operated and its traffic business conducted on said right of way, and the Court held that, to the extent that the trains, etc., were being properly operated under its charter, no action would lie, and this notwithstanding the large increase in the company's trackage and volume of business required in the legitimate discharge of its duty to the public; that it was only when, under the claim of its charter privileges, the company was so conducting its business as to create unnecessarily a nuisance, causing damage to the property, that an owner adjoining the right of way could sue, under the principles applied in *R. R. v. Baptist Church,* 108 U. S., 317, and other like decisions. *Thomason's case,* therefore, is not directly apposite to the questions arising on this appeal—the

right and quantum of recovery by an owner whose property has been "taken" in the acquirement of the right of way.

Again, it is contended that the judgment cannot be sustained because it appears that, pending the action, plaintiff conveyed the title to another, and that the right of recovery follows as an incident to the title. On this question our statute provides (Revisal, sec. 394, subsec. 2) that no action shall be maintained against a railroad company for damages caused by the construction of its roads, or repairs thereto, but within five years from the time the cause of action accrues, "and the jury shall assess the entire amount of damages which the party aggrieved is entitled to recover by reason of the trespass upon his property."

In case of railroads this provision requiring an award of the entire damage in a single action prevailed in this State at the election of the parties prior to the enactment of the statute (*Ridley v. R. R.,* 118 N. C.), and, where such a position is recognized elsewhere, the cases very generally hold that one who owns the land at the time the railroad enters and constructs its road thereon may recover for the entire damage. These decisions proceed upon the theory that such an act on the part of the company will constitute a completed trespass, and that subsequent owners have no interest in a recovery based upon it. *Roberts v. Northern Pacific R. R.,* 158 U. S., 1; *McFadden v. Johnston,* 72 Pa. St., 681; *Central R. R. v. Hetfield,* 29 N. J. L., 206; *King v. So. Ry.,* 119 Fed., 1017; *Walton v. R. R.,* 70 Wis., 414; 10 R. C. L., 215, title, "Em. Domain," sec. 184; 2 Elliott on Railroads (2 Ed.), sec. 1000; 2 Lewis Eminent Domain (3 Ed.), p. 1647.

The decisions on the subject in North Carolina, however, are to the effect that, unless an action for permanent damages or condemnation proceedings have been instituted by the original owner pending his ownership, the right to recover will pass to the grantee. Our cases proceed upon the theory that the act of the railroad in entering upon the land and constructing its road, without resort to condemnation proceedings provided for by the statute, amounts to a continuing trespass, and the right to recover compensation for the easement arises to him who owns the property when the road enters and remains thereon as of right, that is, when the company acquires the right to enter and remain, to be perfected on the payment of damages. Thus, in *Phillips v. Tel. Co.,* 130 N. C., pp. 513-526, the telegraph company had placed its poles on a railroad right of way, amounting, with us, to an additional burden which entitled the owner of the property to compensation. The original owner, without having sued or instituted condemnation proceedings, conveyed the property, and it was held that the grantee could recover

permanent damages in compensation for the easement, the principle being stated in the ninth headnote as follows: "A purchaser of land subsequent to the taking and erection thereon of a telegraph line may recover permanent damages for the easement taken, and the telegraph company thereby acquires the easement and the right to maintain its line thereon"; and *Douglas, J.,* in the opinion, speaking to the question, said: "A subsequent purchaser cannot recover for a completed act of injury to the land, as, for instance, the unlawful cutting down of trees; but if the trespasser unlawfully remains upon the land after the sale, or returns and carries away the trees, he becomes liable to the then owner, in the first case as for a continuing trespass, and in the latter for a fresh injury. If, in addition to this, the trespasser seeks to acquire the right to remain, he can do so only by the consent of the owner or under the principle of eminent domain. This is not the perpetration of a wrong, but the lawful acquisition of a right, and the damages incident thereto must be paid to the owner from whom the right is acquired. Aside from this action, the defendant has acquired no easement whatever as against the plaintiff, and if it takes that easement now, it must pay the man from whom it takes it. To say that one may acquire an easement in the land simply by an unlawful entry is an attempted extension of the doctrine of squatter sovereignty to an extreme which we feel entirely unable to concede. *Liverman v. R. R.,* 109 N. C., 52; *s. c.,* 114 N. C., 692."

The same principle was recognized and applied with us in condemnation proceedings in *Beal v. R. R.,* 136 N. C., 298; *Liverman v. R. R.,* 109 N. C., 52; *same case,* 114 N. C., 695; and this view seems to find support in 2 Lewis Em. Domain, sec. 895.

Under our statute and in condemnation proceedings, Revisal, sec. 2587, the railroad acquires the right to remain upon the land, construct and operate its road on the payment into court of the amount assessed by the appraisers, and the recovery should inure to the one who owns the property at that time. True, provision is made for appeal by either party, and the damages may thereafter be increased or lowered, and the right may be lost by failure to pay the amount ultimately awarded; but the right to enter and construct and operate its road is acquired when the company pays the amount assessed by the first appraisers, and the owner at that time is entitled to the compensation for the easement. In that case, however, if the owner at the time of entry shall have instituted condemnation proceedings, the statute, sec. 2594, expressly provides "That no change of ownership, by voluntary conveyance or transfer of real estate or any interest therein or of the subject-matter of the appraisal, shall in any manner affect such proceedings, but the

same may be carried on and perfected as if no such conveyance or transfer had been made or attempted to be made. The proceedings by this section are constituted a *lis pendens,* and, although the grantee, as stated, prior to payment of the amount may be entitled to this compensation, if proceedings have been instituted, he must assert his right by action or appropriate proceedings in the cause. *Abernethy v. R. R.,* 159 N. C., 340. And so, under our decisions, in case of suit the railroad company acquires the right to remain and construct its road when the owner enters suit for permanent damages for trespass. He thereby assents to the company's right to occupy and build its road upon the land upon the payment of the amount due, and the entire compensation for the easement should inure to the owner, who recognizes the railroad's right by entering this character of suit. *Liverman v. R. R.,* 114 N. C., at p. 697; *White v. R. R.,* 113 N. C., at p. 622; *Staton v. R. R.,* 147 N. C., at p. 443.

Under any view of the matter, therefore, the present recovery must be sustained, it appearing from the record that plaintiff owned the land when the railroad entered and constructed its road, and pending his ownership and before conveyance he entered suit and filed his complaint for permanent damages.

There is no error, and the judgment entered must be sustained.

No error.