JAMES E. QUERY v. POSTAL TELEGRAPH CABLE COMPANY.

(Filed 10 December, 1919.)

1. **Telegraphs—Easements—Railroads—Rights of way—Superimposed Burdens—Damages.**

> The constructing and maintaining a line of telegraph poles and wires upon the right of way of a railroad company imposes an additional or new burden upon the owner of the fee, who is entitled to a reasonable and just compensation therefor.

2. **Same—Evidence.**

> As between the owner of the fee and a telegraph company, which by constructing and maintaining a telegraph line upon the right of way of a railroad company, has imposed a new or additional burden thereon, an instruction is correct, that the jury may consider, in awarding damages, that the fee was already subject to the burden of the railroad right of way; and it is *Held*, in this case, that the question of the diminuation in the value of the defendant's easement by the right of the railroad company to the full use of its easement was not a matter for the jury's consideration, especially as the contractual relations between these two corporations does not appear.

3. **Limitation of Actions—Telegraphs—Railroads—Rights of Way—Superimposed Burdens.**

> The three year statute of limitations, Rev., 395 (3), applies to an action by the owner of the land to recover damages against a telegraph company for erecting and maintaining a line of telegraph poles and wires thereon, and within the right of way theretofore acquired by a railroad company, such occupation, as between the parties, being wrongful, and presumed to be of a permanent or continuing nature. *Teeter v. Tel. Co.*, 172 N. C., 783, cited and approved. This action was commenced within three years after the entry upon the land.

CIVIL ACTION, tried before *Harding, J.*, and a jury, at August Term, 1919, of CABARRUS.

The plaintiff alleges that the defendant erected certain poles on his land, within the right of way of the North Carolina Railroad Company, and strung wires thereon for the purpose of using the same in its business of telegraphy, and the defendant admits the other allegation that the plaintiff is the owner of the land, "subject to the right of way of the said railroad company," it being one hundred feet wide on each side from the center of the railroad track.

The court charged, among other things, as follows:

"The contention of the plaintiff is this: That those under whom he claims, and he himself, were and are the owners of the land in fee; that the railroad company entered upon the land by reason of the grant of a right of way from the grandfather of the plaintiff; that after the railroad company had taken the right of way the Postal Telegraph Company went upon the right of way and put up poles, and thereby imposed an additional burden upon the fee, and that the plaintiff is entitled to recover damages for such additional burden. If you answer the first issues 'Yes,' and the second issues 'No,' and you find that after the railroad company took possession of the property, the defendant, Postal Telegraph Company, entered upon the property and erected additional poles thereon, and strung wires on the poles, you will then find that the entry of the Postal Telegraph Company imposed upon the fee such additional burden as would entitle the plaintiff to recover, and, in that event, the question would be, What amount is the plaintiff entitled to recover by reason of such wrongful entry on the part of the defendant?"

Under the evidence and charge of the court, the jury returned a verdict for the plaintiff, assessing his damages at three hundred and fifty dollars. Judgment thereon, and appeal by the defendant.

*L. T. Hartsell and M. H. Caldwell for plaintiff.*
*J. Lee Crowell for defendant.*

WALKER, J., after stating the facts as above: The case turns principally on the question of damages, although defendant moved for a nonsuit, which was refused, and, as we think, properly so. There was no dispute as to the defendant's entering upon the land and erecting the poles and stringing the wires, the only issues being as to the ownership, and statute of limitations, and the damages. The first was answered "Yes," and the ownership was admitted for the purpose of the appeal. The statute of limitations does not apply, or more accurately speaking, is not a bar, for the jury found, as is shown by the evidence and the charge of the court, that the defendant entered upon the land in 1915, erected the poles, and strung the wires. The action was commenced on 11 May, 1917.

This Court said in *Teeter v. Tel. Co.,* 172 N. C., 783: "It is not denied by defendant that the telegraph line superimposed upon a railroad right of way is an additional burden, which entitled the owner to compensation. *Hodges v. Tel. Co.,* 133 N. C., 225; *Phillips v. Tel. Co.,* 130 N. C., 513; but objection is made to the validity of plaintiff's recovery on the ground, chiefly, that his Honor should have held as a conclusion of law that, on the facts in evidence, plaintiff's cause of action is barred by the three years statute of limitations, Revisal, sec. 395, subsec. 3, the

language being as follows: 'Actions shall be brought within three years for trespass on real property. When the trespass is a continuing one, within three years from the original trespass, and not thereafter.' Speaking to this section in *Sample v. Lumber Co.,* 150 N. C., 165-166, action for wrongful entry and cutting timber on another's land, the Court said: 'True, the statute declares that actions for trespass on real estate shall be barred in three years, and when the trespass is a continuing one, such action shall be commenced within three years from the original trespass, and not thereafter; but this term, "continuing trespass," was no doubt used in reference to wrongful trespass upon real property, caused by structures permanent in their nature and made by companies in the exercise of some *quasi*-public franchise. Apart from this, the term could only refer to cases where a wrongful act, being entire and complete, causes continuing damage, and was never intended to apply when every successive act amounted to a distinct and separate renewal of wrong."

Referring to the language of subsection 3, above mentioned, and the meaning of it, as suggested in *Sample v. Lumber Co.,* it is further said by *Justice Hoke:* "The Court is inclined to the opinion that this is a continuing trespass within the meaning of the law, and for damages incident to the original wrong, and for that alone, no recovery could be sustained. But this is a suit for permanent damages, and on recovery and payment, so far as plaintiff is concerned, confers on the defendant the right to maintain its line on plaintiff's land for an indefinite period and to enter on the same whenever reasonably required for the 'planting, repairing, and preservation of its poles and other property.' *Caviness v. R. R., ante,* 305. It is a suit to recover for the value of the easement, which can pass to defendant only by grant or by proceedings to condemn the property pursuant to the statute, Rev., 1572-1573, or by adverse and continuous user for the period of twenty years."

The defendant, therefore, is entitled to an easement for an indefinite period of time, and the plaintiff to permanent damages as compensation therefor, which are to be assessed according to the rule stated in the *Teeter case.* See, also, *Hodges v. Tel. Co.,* 133 N. C., 225, and *Phillips v. Tel. Co.,* 130 N. C., 513, citing the well known cases of *Story v. Railroad Co.,* 90 N. Y., 122; *Lahr v. Same,* 104 N. Y., 368, as to the right of the abutting owners to compensation for the additional burden imposed upon the streets by the elevated railways. *White v. R. R.,* 113 N. C., 610, is also a well considered case in our own reports.

We now come to the real question in the case—the measure of damages. The defendant requested the court to instruct the jury to take into consideration the fact that when these poles were erected and the wires were strung, the land was already subject to the burden of the North Carolina

41—178

Railroad Company's right of way, and this was given by the court.   The court charged the jury, as we have seen, that the defendant, by the erection of its telegraph line, had imposed an additional burden upon the land; in other words, a new one, in addition to that of the railroad right of way, already resting upon it, and that for this additional burden the defendant was under obligations to pay, and the plaintiff had the right to receive, reasonable and just compensation.   The principle of *R. R. v. McLean,* 158 N. C., 498 (an action between the railroad company and the landowner), as to the probability of an appropriation by the railroad company of its entire right of way being considered in assessing permanent damages against it, does not apply to a case like this where the defendant's right of way is essentially of a different kind, and does not call for any such further appropriation, or any widening of its right of way, the boundaries of which are now fixed and fully occupied, and there is nothing to show that the railroad company can deprive the defendant of its rights in respect to the maintenance and operation of its present line.   Whether it could do so must depend upon the right and easement which was acquired by the defendant from the railroad company, whether by contract, condemnation, or in some way equivalent to the latter method.   If the railroad company should extend the occupation of its right of way further from the center of the track, it would not affect the question of damages in this case, unless it had the right to deprive the defendant of its right of way or some part of it, which does not appear in this record.   We do not know what their contractual relations are.   We think, though, that, in any view, the court adequately responded to the defendant's request for instructions, as made, and the jury must have understood that the assessment of damages should be made upon the basis of the right which the railroad company had already acquired in respect to the land, and its privilege of enlarging, under proper circumstances, the actual occupation of the right of way, even if that enlargement would impair the full enjoyment by defendant of its easement, which is not at all probable.

The amount awarded in the verdict does not appear to be excessive when all the facts are taken into account, and even if so, we cannot review it.   *Phillips v. Tel. Co.,* 130 N. C., 513.

We affirm the judgment, finding no material error in the proceedings.
No error.