JOHN B. LOVE, JR., v. POSTAL TELEGRAPH-CABLE COMPANY.

(Filed 5 June, 1942.)

**1. Trespass § 1g—**

The placing and maintenance by a telegraph company of its transmission lines on private lands constitutes a continuing trespass.

**2. Easements § 4: Eminent Domain § 24: Telephone and Telegraph Companies § 4—**

Where the owner of land seeks to recover permanent damages to his land by reason of the maintenance by a telegraph company of its transmission lines upon his lands, the awarding of permanent damages would be equivalent to the acquisition of an easement by condemnation.

**3. Limitation of Actions § 6—**

Where the owner of land seeks to recover for trespass and for permanent damages to his land resulting from the erection and maintenance by defendant telegraph company of its transmission lines over his land, the action for trespass is barred by the three-year statute of limitations, C. S., 441 (3), the trespass being a continuing trespass, but the action for permanent damages as compensation for the easement is not barred until defendant has been in continuous use thereof for a period of twenty years so as to acquire the right by prescription.

APPEAL by plaintiff from *Bone, J.,* at January Term, 1942, from BLADEN.

Civil action for trespass and for permanent damages.

In 1891 the defendant constructed its transmission lines along a trail or highway over lands in Bladen County, now owned by the plaintiff. In 1927, when the highway was widened, the defendant moved part of its transmission lines from the highway right of way, to the extent of 24 poles, over on the lands now occupied by the plaintiff.

This action was instituted 27 September, 1940, to recover for the original trespass and for permanent damages.

The defendant denied liability and pleaded the three-year statute of limitations, C. S., 441 (ss. 3).

From judgment of nonsuit entered at the close of plaintiff's evidence, he appeals, assigning error.

*H. H. Clark and Edward B. Clark for plaintiff, appellant.*
*Rountree & Rountree for defendant, appellee.*

STACY, C. J. The action for trespass is barred by the three-year statute of limitations, C. S., 441 (ss. 3). The applicable provision is that actions for continuing trespass upon real property shall be commenced within three years from the original trespass, *i.e.*, in the language of the statute: "When the trespass is a continuing one, the action shall be commenced within three years from the original trespass, and not thereafter."

It was said in *Teeter v. Tel. Co.*, 172 N. C., 783, 90 S. E., 941, that an action such as the present is to be regarded as one for a continuing trespass within the meaning of the law. Hence, for damages incident to the original wrong, and for that alone, no recovery can be had after the lapse of three years. But the plaintiff also sues for permanent damages, which, on recovery and payment, so far as plaintiff is concerned, would confer on the defendant the right to maintain its line on plaintiff's land for an indefinite period with the right to enter thereon, when reasonably required, for "the planting, repairing, and preservation of its poles and other property." *Caveness v. R. R.*, 172 N. C., 305, 90 S. E., 244. In short, in its broader aspect, the suit is to recover for the value of an easement, which can pass to the defendant only by grant, condemnation or prescription—this last by adverse possession and continuous user for a period of twenty years. *Teeter v. Tel. Co., supra.*

In case of railroads, by C. S., 440, this period has been reduced to five years, but there being no such statute in respect of telegraph companies, the common-law period of twenty years is required. *Geer v. Water Co.*, 127 N. C., 349, 37 S. E., 474.

The awarding of permanent damages would be equivalent to the acquisition of an easement by condemnation. *Geer v. Water Co., supra; Query v. Tel. Co.*, 178 N. C., 639, 101 S. E., 390.

Viewing the action, then, not simply as one for the original trespass, but also to recover permanent damages as compensation for an easement, there was error in allowing the defendant's motion for judgment of nonsuit.

Reversed.