J. J. GUDGER et al. v. THE RICHMOND AND DANVILLE RAIL-ROAD COMPANY.

*Railroads — Right-of-way — Corporation — Trespass — Betterments—Married Women—Damages—Statute of Limitations—Possession.*

1. The defendant, a railroad company, using a right-of-way over plaintiff's lands, erected buildings thereon and used them for a dinner-house for travelers and for its employees, and after some time tore them down. No proceedings for condemnation had been taken, other than the location and construction of the road by the company. More than two years elapsed after such location and construction before the buildings were torn down, and plaintiffs brought no action or other proceeding in this time to recover compensation for right-of-way, and defendant had made no effort to buy it. Some of the plaintiffs were married women and others minors: *Held*, that the direction of the Court, in an action for damages to real estate, to return a verdict for the defendant upon these facts, was not error.

2. The defendant was not a trespasser, either when it erected or when it removed the buildings, and its using them for a dinner-house could not work a forfeiture of any portion of its right-of-way.

3. The plaintiffs have no right to claim betterments for buildings erected by the defendant on its own right-of-way, even though they were the owners of the land over which it extended.

4. The statute providing that it shall be presumed that the land over which the road may be constructed, together with 100 feet on either side thereof, has been granted by the owner, etc., *provided* he does not file petition for damages in two years, applies, though the defendant has not shown that it endeavored to purchase and failed to do so.

5. The statute excepts married women and minors only as to the *time* of filing petition for damages, they being allowed two years after disabilities removed.

6. More than two years having elapsed, after defendant went into possession of its right-of-way, before the bringing of this action, all plaintiffs not under disabilities are barred.

7. As to the parties laboring under disabilities, it ought to have appeared that they were so when the statute began to run.

CIVIL ACTION, tried before *Clark, J.*, at Fall Term, 1889, of the Superior Court of MADISON County.

The plaintiffs allege that they are the owners in fee of the land mentioned in the complaint; that there was a dwelling-house situated thereon, and that the defendant unlawfully tore down and removed the same from said land, and this action is brought to recover damages therefor.

The parties (plaintiffs) are numerous, and the record contains a demurrer assigning as causes of demurrer a non-joinder of parties, a misjoinder of parties, and the failure to make the heirs of James Gudger parties. The demurrer seems not to have been passed upon, but we assume that it was waived or overruled, as there is an answer denying the allegations of the complaint, upon which issues were submitted.

The issues were—

1. Did defendant wrongfully tear down a house on plaintiff's land ?

2. If so, what damage has plaintiff sustained ?

There was a verdict adverse to the plaintiff, and a judgment, from which he appealed.

The following is the case on appeal:

"It was admitted that the plaintiff was the owner of the land upon which the defendant had erected the building mentioned in the pleadings, and that said building stood on the right-of-way of the defendant company, and that it was erected and used for a dinner-house for the traveling public, and as a boarding-house for defendant's employees at Paint Rock, a transfer station of defendant. No proceedings for condemnation of said land have been taken by the defendant, other than the location and construction of the road by the Western North Carolina Railroad Company; plaintiff had brought no action or other proceeding to recover compensation for the taking of the land for right-of-way, and more than two years had elapsed from the location and construction of the said railroad before the removal of the house and the commencement of this action; defendant had made no effort to buy the right of way. Some of plaintiffs are married women and some are minors. It appears the defendant removed the building from the right-of-way when the said transfer station was changed, and used the same elsewhere for railroad purposes. Upon the above appearing to the Court and jury, the Court directed a verdict in favor of the defendant.

"Plaintiff moved for a new trial, assigning as error—

"1. That the defendant, not having shown that he had endeavored to purchase, and had failed to do so, the statute did not apply.

"2. That the house having been used for a dinner-house, such use was *ultra viris*, and defendant had forfeited that portion of his right-of-way.

"3. The married women and minors were not barred of their right to recover damage in this action for removing the house."

*Mr. G. A. Shuford*, for plaintiff.
*Mr. D. Schenck*, for defendant.

DAVIS, J.—after stating the facts: The building, for the removal of which damages are sought to be recovered, was erected by the defendant company on land included in its right-of-way. The defendant company was not a trespasser when it erected the building, nor was it a trespasser when it removed the building. "It was érected and used for a dinner-house for the traveling public, and as a boarding-house for defendant's employees," and not for the benefit of the plaintiffs, nor for the enhancement of the value of their land, and we are unable to see how the fact "that it had been used for a dinner-house" could work a forfeiture of any portion of defendant's right of way.

The defendant had a right to erect any building on its right-of-way necessary for its use and convenience in carry-ing on its business, and it had a right to remove it when its interest required it. *Railroad* v. *Deal*, 90 N. C., 110, and cases cited.

To allow the plaintiffs damages for improvements put by the defendant on its own right-of-way, would be reversing the law of betterments. It may be that if the plaintiffs themselves had erected improvements on the defendant's right-of-way, they would have been entitled to recover for betterments to the extent of the enhanced value of the land, if they had good reason to believe that they had a title to the premises (*Railroad* v. *McCaskill*, 98 N. C., 526), but in the present case the building was erected, not by them, or for their benefit, but by the defendant, on its own right-of-way, and it is difficult to conceive what interest the plaintiffs had in the building.

But it is said "that the defendant not having shown that he had endeavored to purchase and had failed to do so, the statute did not apply." The statute provides that "it shall be presumed that the land over which the road may be con-structed, together with one hundred feet on each side thereof, has been granted by the owner, &c., provided he does not

file a petition for damages in two years, but this is not to affect infants, *feme* coverts," &c.

It does not appear how or when the numerous plaintiffs acquired title to the land on which the defendant had erected the building, or that they, or any of them, were under disabilities when the statute began to run, but assuming that they were "married women and minors," this could only avail and protect them in the right to "file a petition for damages in two years" after disability.

The defendant was in possession of the right-of-way, the plaintiffs "had brought no action or other proceeding to recover compensation for the taking of the land for right-of-way," and, if the plaintiffs are not barred by reason of disabilities, they cannot maintain this action. They should have filed their petition for assessment of damages, as provided by law. *Railroad* v. *McCaskill*, 94 N. C., 746, and cases cited.

Affirmed.