J. W. BOONE *et al.* v. R. M. PEEBLES, Administratrix of J. T. Peebles.

(Decided June 7, 1900.)

*Rents and Profits—Evidence—Family Bible Record— Statute of Limitations—Presumption of Payment and Abandonment—Divided Court.*

1. Where the Court is evenly divided, the judgment below stands.
2. The statute of limitations to be available as a defense must be pleaded.
3. There is no statutory presumption of payment or abandonment under The Code.

CIVIL ACTION for rents and profits of land brought by plaintiffs as devisees of their father, Solomon G. Boone, against administratrix of J. T. Peebles *ad. de. bonis non, c. t. a.* of Solomon G. Boone, tried by consent, jury waived, before *Norwood, J.,* at Fall Term, 1898, of NORTHAMPTON Superior Court. After objection, the plaintiffs were allowed to prove their ages by the entries recorded in the family Bible. Defendant excepted.

According to the family record, J. W. Boone was born December 5, 1861; his sister, S. C. Boone, was born in 1865; and his other sister, Indiana Bristow, was born September 2,

1854, and married October, 1873. The testator, Solomon G. Boone, died in 1865. J. T. Peebles qualified as administrator *d. b. n.,* with will annexed, on his estate, and died September 12, 1879. Defendant administered November 1, 1879.

Her defense was payment, also statutory presumption of payment. His Honor decided against the defendant, and ordered a reference to ascertain the amount due to each of the plaintiffs respectively. Defendant excepted and appealed.

*Mr. R. B. Peebles,* for appellant.

*Messrs. T. N. Hill, T. W. Mason,* and *F. D. Winston,* for appellee.

FURCHES, J. This is an action for money received by defendant's intestate from the rent of lands belonging to plaintiffs and wrongfully appropriated to his own use. The defense relied on what seems to be the pleas of presumptions and abandonment.

In the course of the trial, J. W. Boone, a party to the action, was allowed to testify as to his own age, and the ages of the other plaintiffs, which knowledge he said he got from the family Bible. That this Bible was in the possession of his sister, and that he had no other knowledge as to the dates of their births. This question and answer were objected to by defendant; objection overruled, evidence admitted, and defendant excepted.

Owing to the relationship of Justice CLARK to one of the plaintiffs, he did not sit in this case, and the other members of the Court being equally divided upon the competency of this evidence, the opinion of the Court below must prevail, and the evidence held to be competent. *Puryear v. Lynch,* 121 N. C., 255; *Railroad v. Railroad,* 113 N. C., 240.

BOONE *v.* PEEBLES.

We do not think the defendant can sustain her defense upon the pleas of the statute of presumption and abandonment.

The Code went into effect in August, 1868, taking the place of The Revised Code, and The Code now contains no statute of presumptions; and it appears that no part of the rents claimed were received until after 1868, when The Code went into operation. The rights of infants and *femes covert* are saved under chap. 65, secs. 5 and 9, Revised Code, and also by sec. 149, of The Code. This action having been commenced the 20th of September, 1893, chap. 113, Acts of 1891, has no application. It seems that defendant's intestate was a tenant in common with the plaintiffs, of the land from which the rents were collected, and no demand had been made to start a presumption of ouster, which requires twenty years. *Shannon v. Lamb*, at this term; *Jolly v. Bryan*, 86 N. C., 457. But as there is no such *statutory* defense that is the end of the case on this plea. It does not seem that defendant would have been protected by the statute of limitations if it had been pleaded; but as it was not pleaded, it is not necessary to consider the case in that aspect. And there being no *statutory presumption of payment or abandonment,* the judgment of the Court must be affirmed, as we can see nothing in the objections made to parties. Some of them, it seems to us, were unnecessary (the administrators), but this will not prevent the rightful plaintiffs from recovering.

The judgment of the Court appealed from is
Affirmed.

CLARK, J., did not sit.