R. H. GULLEDGE, ADMINISTRATOR, v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 28 October, 1908.)

1. Revisal, Sec. 59—Actions—Negligence—Killing—One Year—Condition Annexed—Limitations of Actions.

Under Revisal, sec. 59, giving a cause of action on account of the wrongful killing of intestate to the (executor) administrator or collector of decedent, the provision that suit should be brought within one year after such death is a condition annexed, and must be proved by the plaintiff to make out a *prima facie* case, and is not required to be pleaded as a statute of limitation.

**2. Same—Controversy—Executors and Administrators—Collectors.**
   It is no excuse for plaintiff not bringing an action under Revisal, sec. 59, within one year, etc., to show that there was a controversy over the administration. A collector should have been appointed for the purpose of suit.

PETITION to rehear this ·case reported in 147 N. C., p. 234.

*Robinson & Caudle, H. H. McLendon, J. A. Lockhart* and *J. T. Bennett* for petitioner.

*J. D. Shaw* and *Murray Allen* for defendant.

BROWN, J. The petition of the learned counsel for the plaintiff, asking us to reconsider our decision in this case, · seems to be based upon the idea that we have overruled a decision in which by some means the plaintiff had acquired a vested right. *Williams v. B. and L. Association,* 131 N. C., 267.

For the reasons so clearly stated by *Mr. Justice Hoke* in *Mason v. Nelson,* at this term, the plaintiff could acquire no vested right in such an adjudication as *Williams v. B. and L. Association,* had we in fact overruled it. We do not think we have modified, much less overruled it. In that case the Court was construing the usury statute of 1895 (chapter 69), containing provisions different from section 59 of the Revisal, and does not bear upon the question involved in this case. Nor have we overruled *Meekins v. Railroad,* 131 N. C., p. 1, in which the original action was brought within one year after death. The plaintiff was nonsuited and brought his new action within twelve months after the nonsuit in the original action. This Court held that section 166 of The Code, authorizing the new action after nonsuit, applied to all cases. The present Chief Justice, speaking for the Court, says: "This statute (The Code, sec. 166) contains no exception of cases under section 1498 or of any other cases where the time prescribed for bringing the original action might not be strictly a statute of limitations." *Best v. Kinston,* 106 N. C.,

205, is cited and approved in that opinion. This is one of the cases cited in our opinion in this case wherein it is held by this Court that the one-year clause in section 1498 is not a statute of limitation, but a condition annexed to the cause of action, and that the plaintiff must prove that he has commenced his action within the time required by the act.

In view of the great weight of authority sustaining them, we do not feel justified in overruling the well-considered decisions of this Court which we followed in deciding this case. Those cases are supported by an unbroken line of decisions in other jurisdictions. Am. and Eng. Ency. Law (2d Ed.), Vol. VIII, p. 875, cites cases from a large number of States in support of the statement in the text, that "As the statutes confer a new right of action, no explanations as to why suit was not brought within the specified time will avail, unless the statutes themselves provide a saving clause."

Among the recent cases to the same effect will be found *Poff v. Telephone Co.,* 72 N. H., 164, citing *Taylor v. Iron Co.,* 94 N. C., 525; *Rodman v. Railroad,* 65 Kan., 652, citing same case; *Navigation Co. v. Lindstrom,* 133 Fed., 475, construing the New Jersey statute; *Williams v. Steamship Co.,* 126 Fed., 591.

This case last cited holds that no action based on the New York statute can be maintained after the time limited, "nor is the time extended to cover the appointment of an administrator." Judge Adams says: "The language of the act is explicit: 'Such an action must be commenced within two years after the decedent's death,' and, in view of the plain language, the time to commence an action cannot be extended by construction."

Cyc., Vol. XIII, p. 339, says: "Where the statute giving a right of action for death by wrongful act limits the time within which such action must be brought to a certain designated period, and contains no saving clause, an action

sought to be brought after the expiration of such period is. barred, and no excuse will be recognized for such delay."

The text is supported by authorities from the States of Alabama, Iowa, Maine, Minnesota, Missouri, New Jersey, New York, North Carolina, Ohio, Virginia and Wisconsin.

Mr. Tiffany, in his work on Death by Wrongful Act, sec. 121, relies upon and cites the decisions of this Court in support of his text, wherein he says: "The limitation is not merely of the remedy, but is of the right of action itself," citing *Taylor v. Cranberry Iron Co., supra,* and *Best v. Kinston, supra.*

In the case of *Hill v. Supervisors,* 119 N. Y., 344, the Court of Appeals of New York says of this cause of action: "It must be evident that, as this action is brought under a special law and is maintainable solely by its authority, the limitation of time is so incorporated with the remedy given as to make it an integral part of it and the condition precedent to the maintenance of the action at all." See, also, *Eastwood v. Kennedy,* 44 Md., 563; *Oshields v. Railroad,* 83 Ga., 621; *Pittsburg v. Hine,* 25 Ohio St., 629; *Hanna v. Railroad,* 32 Ind., 112; *Rugland v. Anderson,* 30 Minn., 386, and Word on Lim., sec. 9.

In conclusion, we will quote from the Supreme Court of the United States. In the *Harrisburg case,* 119 U. S., 119-214, it is said: "The statutes create a new liability with the right to a suit for its enforcement, provided the suit is brought within twelve months, and not otherwise. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are therefore to be treated as limitations of the right."

PATE *v.* STEAMBOAT CO.

In deference to the opinion of the learned gentlemen who certify that they think our decision was erroneous, we have given the matter careful consideration, and we quote some of the many authorities which sustain our judgment.

Petition Dismissed.