F. H. ABERNATHY v. SOUTH AND WESTERN RAILWAY COMPANY.

(Filed 8 May, 1912.)

1. Railroads—Rights of Way—Damages—Limitation of Actions—Interpretation of Statutes.

Revisal, sec. 394, in regard to bringing an action against a railroad for damages for a right of way taken by it without condemning the same or acquiring the easement by purchase, is a statute of limitation, and must be specially pleaded by the railroad company, if relied on; and it is not required of the owner to affirmatively show that he has commenced his action within the time specified, as it is not a condition annexed to his cause of action.

2. Railroads—Rights of Way—Damages—Interest—Court's Discretion—Appeal and Error.

It is within the power of the lower court, in passing upon a report of a referee in an action against a railroad company for the value of an easement in lands, to allow interest on the amount found by him since the actual taking by the railroad company of the owner's land for its right of way, as a part of the damages.

3. Railroads — Rights of Way—Damages—Judgment—Interest—Interpretation of Statutes.

A judgment in the owner's favor, in the assessment of damages for lands taken for a right of way by a railroad company, bears interest by express provision of the statute. Revisal, sec. 1954.

4. Railroads—Rights of Way—Conveyance of Lands—Damages—Interpretation of Statutes—Parties.

> After the owner of lands has commenced his action against a railroad company to recover damages for taking a right of way thereon without compensation, the amount of the damages to be awarded is not affected by the fact that he conveyed a part of the *locus in quo* to another; and when the purchaser is not a party to the action, his claim upon his vendor in respect to the damages will not be considered.

APPEAL by defendant from *Foushee, J.,* at November Term, 1911, of MITCHELL.

This is an action which was heard on exceptions to the report of referees. The defendant railway company, without purchasing or condemning the same, entered upon the land of the plaintiff, appropriated the same to its own use as a right of way, and constructed and is now operating its railroad across said land, without ever having compensated the plaintiff therefor. This action was instituted by the plaintiff before the clerk of the Superior Court, under Code, sec. 1944 (Revisal, sec. 2580), for the purpose of having assessed the compensation for the right of way taken by the defendant. The construction of the road, as located by defendant, not only deprived plaintiff of a part of his land, but, it is alleged, destroyed and rendered worthless a valuable mica mine on the property. The clerk duly appointed commissioners, as provided by the statute, who viewed the property and filed their report, as shown in the record. To this report both parties excepted and demanded a jury trial on appeal to the Superior Court. The defendant, by leave of court, amended its answer, after the cause reached the Superior Court, and denied the title of the plaintiff, alleging title in the heirs of one J. L. Rorison. The issues were then tried before his Honor, *Moore, J.,* and a jury, and from a verdict and judgment for plaintiff, the defendants appealed to this Court, and obtained a new trial upon the ground that the court below had committed error in excluding certain testimony tendered by defendant on the issue of title.

The cause again came on to be heard in the Superior Court, and upon plaintiff's demand for a trial by jury, the defendant

moved that the cause be referred. The court, over objection of plaintiff, allowed the motion, and entered the order set out in the record, referring the cause.

Upon the coming in of the report of referees, both excepted, and the matter was heard before *Judge Foushee,* who, after consideration of the evidence and argument of counsel, modified and confirmed the report of referees, and from this judgment the defendant now appeals.

*Erwin & Newland and Merrimon, Adams & Adams for plaintiff.*

*J. Crawford Biggs, W. L. Lambert, James J. McLaughlin, and J. Norment Powell for defendant.*

WALKER, J., after stating the case: The defendant contended that plaintiff was not entitled to recover because he had not alleged and shown that this proceeding was commenced within five years after the land had been taken or entered upon by the defendant, or within two years after the road was first operated, and reliance was placed upon Laws 1893, ch. 152, brought forward in the Revisal as section 394 (1), which provides as follows: "No suit, action, or proceeding shall be brought or maintained against any railroad company owning or operating a railroad, for damages or compensation for right of way or occupancy of any lands by said company for use of its railroad, unless such suit, action or proceeding shall be commenced within five years after said lands shall have been entered upon for the purpose of constructing said road, or within two years after said road shall be in operation." It was argued that this section should be read in connection with section 2580 of the Revisal, as the two relate to the same subject-matter, and, as thus considered, the provision as to the time within which the proceeding must be commenced is not a statute of limitations, but a condition annexed to the cause of action, and therefore it was incumbent upon the plaintiff to show affirmatively that this proceeding was commenced within the said period so fixed by the statute. We cannot assent to this proposition. The act of 1893 (ch. 152), now Revisal, sec. 394, contains a saving clause as to persons under disability, which shows, though perhaps not con-

clusively, that the Legislature intended that it should be a
statute of limitations. In addition to this, similar provisions
have been so construed by this Court. The section is not mate-
rially unlike that to be found in the charter of the North Caro-
lina Railroad Company, which was construed in *Vinson v.*
· *R. R.,* 74 N. C., 513, and in which the following language was
used: "This is a positive statute of limitations, and it clearly
bars the plaintiff's action, unless it be saved by the special cir-
cumstances relied upon by the plaintiff for that purpose, which
are stated in the case agreed, and which the reporter will set
forth in full. ' The plaintiff has not been ·vigilant, and if he
has lost anything by sleeping on his rights, we can only say,
the law is so written." That decision has been since followed
in many cases. *R. R. v. McCaskill,* 94 N. C., 746; *Gudger v.*
*R. R.,* 106 N. C., 481; *Dargan v. R. R.,* 131 N. C., 623. The
provision is not like that contained in Lord Campbell's Act
(Revisal, ·sec. 59), which was construed in *Gulledge v. R. R..*
148 N. C., 567. As it is a·statute of limitations, it should
have been pleaded, and as it was not, the defendant cannot now
have the benefit ·of it. Revisal, sec. 360; *Insurance Co. v. Ed-*
*wards,* 124 N. C., 116; *Boone v. Peebles,* 126 N. C., 824.

The defendant assigned as error the fact that the judge, in
reducing the assessment of damages, as made by the referee, to
$3,000, stated that, in fixing this amount, he had considered
the interest on the amount of compensation from the time the
railroad was constructed, and also allowed interest from the date
of the judgment on said sum of $3,000. But the court may
consider the interest as part of the damages, or in order to
ascertain the amount justly due the plaintiff. *Patapsco v.*
*McGee,* 86 N. C., 350; *Devereux v. Burgwin,* 33 N. C., 490.
Hale on Damages, sec. 68, p. 167, states the rule very broadly,
and cites numerous cases to sustain it: "The taking of prop-
erty under the right of eminent domain is analogous to a sale.
If not agreed on, the damages are assessed as of the .time of· the
taking, and interest on the amount ascertained is allowed as
compensation for the detention of the money from that time.
The reason for the rule was well stated in a Pennsylvania case:
'If the plaintiff was entitled to compensation by reason of her

property being taken at a particular time, she was certainly entitled to interest as compensation for its wrongful detention. The company, as well as the plaintiff, could have had the damages assessed as soon as they pleased after locating the road, and it was no reason for withholding compensation that its amount was unknown or unascertained. As the company was the party to pay, it ought to have had the amount ascertained, and paid it. Failing to do so, it has no right to complain at having to meet an incident of the delay in the shape of interest.' "

It is not necessary that we should go all the way with him, and hold that interest is recoverable as of right. We only hold that it was within the judge's discretion to consider interest in estimating the damages. Hale on Damages, sec. 67; *Frazer v. Carpet Co.*, 141 Mass., 126; *Lincoln v. Clafin*, 7 Wall., 132. In the case last cited, the Court held (p. 139) that in cases of tort, as trover, trespass, and other like actions, the allowance of interest as damages rests in the sound discretion of the jury. *Stephens v. Koonce*, 103 N. C., 266. The judgment bears interest by express provision of the statute, whether the cause of action was in tort or contract. Revisal, sec. 1954; *Stephens v. Koonce, supra.*

The defendant assigned as error the ruling of the referees, and the judge in approval thereof, upon the finding of fact that the plaintiff, Abernathy, since the institution of the proceeding, had conveyed one-third interest in the land to L. A. Berry, and insisted that plaintiff should, therefore, be permitted to recover only two-thirds of the compensation awarded for the land taken by it for a right of way. Counsel for defendant relied upon *Livermon v. R. R.*, 109 N. C., 52; *Phillips v. Telegraph Co.*, 130 N. C., 513, and *Beal v. R. R.*, 136 N. C., 298, as authorities sustaining their contention; but an examination of those cases will disclose that in all of them the transfer of title occurred before the proceeding for an appraisal or for condemnation had commenced. Our statute, Code, sec. 1950 (Revisal, sec. 2594), provides as follows: "When any proceedings of appraisal shall have been commenced, no change of ownership by voluntary conveyance or transfer of the real estate or any interest therein or

of the subject-matter of the appraisal shall in any manner affect such proceedings, but the same may be carried on and perfected as if no such conveyance or transfer had been made or attempted to be made." Our case is governed by this section, as the conveyance of title to Berry was not made until after the proceeding had been started. We are not required to consider what claim Berry may have upon the plaintiff, as that matter is not before us. L. A. Berry is not a party to this suit.

The other exceptions have either been abandoned or are without merit.

Affirmed.