### J. H. TONKINS, ADMR., v. NATHAN M. COOPER.

(Filed 16 April, 1924.)

**Negligence—Wrongful Death—Survival of Action—Executors and Administrators—Statutes.**

> Where the person who is alleged to have caused the death of another by his wrongful act, neglect, or default, and suit has been brought against him and is pending at his death, within one year after the wrongful death caused by him, an action will lie against the executor or administrator of the deceased defendant, under the provisions of C. S., 160.

APPEAL by plaintiff from *Lane, J.,* at February Term, 1924, of GUILFORD.

Civil action, to recover damages for an alleged negligent injury and wrongful killing. From a judgment dismissing the action, on the ground that it had abated, the plaintiff appealed.

*R. C. Strudwick and Hines A. Jones for plaintiff.*
*No counsel contra.*

STACY, J. This is an action to recover damages for an alleged negligent injury and wrongful killing of plaintiff's intestate. Suit was instituted 28 April, 1922, within thirty days after the alleged wrongful death, and the complaint was duly filed on 12 May, 1922. Defendant filed answer, 18 May, 1922, denying all the material allegations of the complaint. In January, 1924, the defendant died. At the February Term, 1924, of Guilford Superior Court, plaintiff suggested the death of the defendant and moved that his administratrix be made a party defendant. Counsel for the administratrix of the defendant resisted the motion, upon the ground the action abated on the death of the defendant, and they therefore moved that it be dismissed. This motion was allowed and judgment entered accordingly. Plaintiff excepted and appealed.

There was error in holding that the action abated on the death of the defendant, and in dismissing the suit. C. S., 160, provides that when the death of a person is caused by the wrongful act, neglect, or default of another, such as would, if the injured party had lived, have entitled him to an action for damages therefor, the person or corporation that would have been so liable, "and his or their executors, administrators, collectors, or successors, shall be liable to an action for damages, to be brought within one year after such death, by the executor, administrator, or collector of the decedent," etc. Under the terms of this statute, suit may be brought against the executors, administrators, or collectors of the person negligently or wrongfully causing the death of plaintiff's intestate, where such person dies within one year after the wrongful death; and the fact that suit was brought within the year and while the alleged wrongdoer was living would not change the rule of law.

There is nothing in sections 159, 162, or 461 of the Consolidated Statutes which militates against this position.

Reversed.