JOSEPH L. CONRAD v. THE BOARD OF EDUCATION OF
GRANVILLE COUNTY.

(Filed 4 November, 1925.)

**1. Pleadings—Demurrer.**

A complaint will be sustained as against a demurrer when its allegations, liberally construed, C. S., 535, are sufficient in law to sustain the plaintiff's cause of action.

**2. Same—Education—Municipal Corporations—Schools—Electric Lights —Contracts.**

Where in his complaint against a county board of education the plaintiff alleges a contract for equipping a high school for electric lights and connecting it with a plant of another town to furnish electricity, its completion and use in the buildings for this purpose and the amount of the contract price due and unpaid, a demurrer thereto is bad.

**3. Same—Statutes.**

The provisions of C. S., vol. III, sec. 5468, do not require that the plans for lighting and furnishing electricity for a public school building shall be approved by the State Superintendent of Public Instruction, and a demurrer to a complaint in an action by the contractor to recover of the county board of education for the amount of a completed contract for failure to so allege, is bad.

**4. Schools—Education—Electric Lighting—Demurrer.**

The proper lighting of a public school building is one of the needs for the efficiency of the proper use thereof, and where funds had been provided for the purpose, a contract made in the discretion of the county board of education to supply them, may be enforced.

**5. Same—Right of Ways—Title—Statutes.**

Where in the exercise of a sound discretion the board of education of a county acting in pursuance of the statute, has contracted to supply with electric lights a public school building then existing, the contract will not be declared invalid because it does not appear, on demurrer, that the title to the right of ways of the pole and wire lines have not been acquired. C. S., 5472.

**6. Same—Municipal Corporations—Education—General Power—Statutes.**

Under the general statutory authority of Art. 5, ch. 95, vol. III, of the Consolidated Statutes, the erection of electric transmission lines to supply public school buildings with electric lighting is given to the board of education of a county. C. S., 5467, 5478. (Vol. III.)

**7. Same—Statute of Frauds—Contracts.**

The construction and installing of an electric light system for a public school building does not come within the requirements of C. S., 5468, that a contract therefor must be in writing.

**8. Same—Parties—Assignment of Contracts—Actions—Defense.**

The assignee for a consideration of a contract for the installation of wires, the building of an electric transmission line, etc., for lighting a public schoolhouse, is the proper party in interest to maintain an action thereon against the county board of education, without prejudice, however, to any defense against the contractor who has assigned the contract.

APPEAL by defendant from *Grady, J.*, of Tenth Judicial District, at Chambers, 16 September, 1925. Affirmed.

In his complaint, plaintiff alleges that defendant, the Board of Education of Granville County, duly presented to the board of commissioners of said county, its budget showing the needs of the schools of said county for the year 1924, and that said board of commissioners duly approved same, and provided funds required to meet said needs, as provided by statute.

He further alleges in said complaint:

"4. That one of the school buildings of Granville County, to wit: The Wilton High School is located at Wilton, N. C., in said county of Granville, which building was erected during the year 1924, and being a new building, it became the duty of the Board of Education of Granville County to provide for a proper lighting of the same, which provision was made at the time hereinafter set out.

"5. That on 8 August, 1924, at a meeting of the Board of Education of Granville County, in Oxford, a proposal was made by N. J. Boddie,

then of Granville County, North Carolina, to build a transmission line between Creedmoor and Wilton, over which electric current could be transmitted to and for the said Wilton High School, which proposal, as appears upon the minutes of said board was and is as follows:

PROPOSAL:

"I propose to erect for the sum of $3,250.00 a transmission line from Creedmoor, connecting the plant of G. H. Dove and the Wilton High School, and to install a five K. W. transformer at the school building. I propose to use No. 8 wire, metal cross-arms, or brackets, suitable poles, set not more than 140 feet apart. Suitable provisions to be made for lightning arrestors and grounds. The entire installation to be made to comply with the State law, and with due regards for the public safety.

"Witness my hand and seal this 8 August, 1924.
                                    "(Signed) N. J. BODDIE, (Seal).
"D. H. LYON, witness."

Upon motion of Dr. Rogers, seconded by Mr. Cheatham, both of whom were duly qualified members of said board, the said proposal of N. J. Boddie was accepted, one member of said board, to wit: Mr. Hart, voting against the same, and each and every other member of said board voting for and in favor of the acceptance of said proposal.

That appended to the proposal of the said N. J. Boddie was the following:

"I, G. H. Dove, hereby propose to furnish power over this line to the Wilton High School, and maintain the line. The power to cost the county board of education nothing until an amount of power has been furnished equal to the cost of the line, at which time the line will pass to my title."

"7. That in pursuance of said contract, the said N. J. Boddie, and this plaintiff, Joseph L. Conrad, with whom the said N. J. Boddie contracted for the purpose of assisting him in the performance of said contract, proceeded to construct and erect said transmission line from Creedmoor to said Wilton High School, in full compliance with the terms of said proposal, connecting same with a power plant belonging to G. H. Dove, at Creedmoor, N. C., where electrical current and power was generated, and over said transmission line electrical current or power was in fact transmitted to said school, which was lighted by the same during a portion of the past school term.

"8. That the construction and erection of said transmission line was completed on or about 7 December, 1924; that no part of said contract

price of $3,250 has been paid, although repeated requests have been made upon the defendant for payment of same, and the whole of said amount remains due and unpaid, together with interest on the same from 7 December, 1924, until paid."

Plaintiff further alleges that after the acceptance by defendant of his proposal as alleged in the complaint, and after full performance of same by N. J. Boddie, the said N. J. Boddie transferred and assigned in writing all his rights and interests in the contract between him and defendant to plaintiff, and that by reason of said transfer and assignment, defendant is now indebted to plaintiff in the sum of $3,250 and interest on same from 7 December, 1924, until paid.

Defendant demurred to said complaint upon the following grounds, as set out and specified in writing:

"1. That if the alleged contract set out in the complaint had been executed as alleged in the complaint, the same would have in effect been an agreement on the part of the board of education to lend the sum of $3,250 to N. J. Boddie for the benefit of G. H. Dove for an indefinite period of time, without any assurance that the same would ever be repaid, and said contract would have been beyond the powers conferred upon the board of education by law, and the said N. J. Boddie and the plaintiff knew, or ought to have known, that the board of education was without any authority, either express or implied, to enter into such contract.

"2. That it is nowhere set forth in said complaint that the plans for the construction of the transmission line mentioned in the complaint had been prepared and submitted to the State Architect and approved by him as required by law, and until said plans had been approved by said State Architect, the board of education was without authority to make any contract with the plaintiff or any other person for the erection of a transmission line of the character set forth in the complaint.

"3. That if the alleged contract set out in the complaint had been executed, the board of education was without authority to contract for the erection of a power line of the length mentioned in said complaint, to wit, from Creedmoor to Wilton.

"4. That the complaint nowhere sets forth that the plaintiff or N. J. Boddie, or G. H. Dove, or anyone in their behalf, prior to the erection of said transmission line, or prior to demanding payment for same, or at any time thereafter, had procured and delivered to the said board of education deeds for the right of way over which said transmission line was constructed, and that until said deeds were procured, delivered, and registered, the construction of said transmission line by or for the board of education would have been illegal, and no recovery could be had against the board of education for the construction of the same.

"5. That the contract attempted to be made and alleged in the complaint to have been made is *ultra vires,* for that artificial lighting of a public school building is not necessary to meet the constitutional requirement to give to every child in North Carolina between the ages of six and twenty-one years as much as a six-months public school term in each year."

From judgment overruling the demurrer, defendant appealed to the Supreme Court.

*Hicks & Stem for plaintiff.*
*A. W. Graham & Son and Royster & Royster for defendant.*

CONNOR, J. This action, pending in the Superior Court of Granville County, was heard, upon demurrer, by the judge of the Superior Court holding the courts of the Tenth Judicial District, which includes Granville County. It is in this Court upon appeal from the judgment overruling said demurrer. C. S., vol 3, secs. 513, 514. *Justice Walker* in *Wood v. Kincaid,* 144 N. C., 393, says: "A demurrer is an objection that the pleading against which it is directed is insufficient in law to support the action or defense, and that the demurrant should not, therefore, be required to plead further. It is not its office to set forth facts, but it must stand or fall by the facts as alleged in the opposing pleading and it can raise only questions of law as to their sufficiency." A demurrer is the formal mode of disputing the sufficiency in law of the pleading to which it pertains. *Manning v. R. R.,* 188 N. C., 648. In the construction of a pleading for the purpose of determining its effect, its allegations should be liberally construed with a view to substantial justice between the parties. C. S., 535. A complaint will be sustained as against a demurrer if any part presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be gathered from it under a liberal construction of its terms. *Pridgen v. Pridgen, ante,* 102; *Foy v. Foy,* 188 N. C., 519; *Sexton v. Farrington,* 185 N. C., 339; *Hartsfield v. Bryan,* 177 N. C., 168.

The complaint in this action states facts sufficient to constitute a cause of action, in favor of plaintiff and against defendant, unless, upon the facts stated therein, it appears affirmatively that defendant was without authority to enter into the contract alleged or that defendant is not liable to plaintiff upon said contract.

Defendant, by its demurrer, in writing, contends that it was without such authority (1) because of the terms and provisions of the contract as alleged in the complaint and (2) because it is not alleged therein that defendant had complied with certain statutes applicable to it as the Board of Education of Granville County, before entering into such

contract. Defendant by its demurrer *ore tenus,* contends, further, that the complaint does not state facts sufficient to constitute a cause of action for that (1) it is nowhere stated therein that the alleged contract was in writing; (2) that even if it is liable on the contract alleged, plaintiff cannot maintain this action because he is not a party thereto but is only the assignee and transferee of N. J. Boddie, with whom the contract was made.

1. The proposal dated 8 August, 1924, signed by N. J. Boddie and accepted by defendant, as appears on the minutes of its meeting on said day, constitutes the contract upon which plaintiff seeks to recover in this action. By this contract N. J. Boddie agreed to erect a transmission line from Creedmoor connecting the plant of G. H. Dove with the Wilton High School building; defendant agreed to pay to N. J. Boddie for the erection of this transmission line the sum of $3,250. The words appearing in said minutes and alleged to be appended to the proposal of N. J. Boddie, purporting to be a proposal by G. H. Dove to furnish power over this line and to maintain it upon the terms stated therein, do not constitute any part of the contract between N. J. Boddie and defendant. It does not appear from the complaint that G. H. Dove signed the purported proposal or that defendant accepted it. No contract is alleged to have been made between defendant and G. H. Dove. Whether or not, if the purported proposal of G. H. Dove had constituted a part of the contract between N. J. Boddie and defendant, the contract would have been in effect an agreement by the board of education to lend the sum of $3,250 to N. J. Boddie for the benefit of G. H. Dove, for an indefinite period of time, without any assurance that same would ever be repaid, and that, therefore the contract would have been beyond the powers conferred upon the defendant as the Board of Education of Granville County, is not presented for consideration. The contract as alleged in the complaint does not involve the loan of money by defendant; nor does defendant thereby obligate itself to sell the transmission line when same had been constructed. There is nothing inherent in the contract as alleged in the complaint that renders it void or unenforceable and we must therefore overrule the demurrer upon the first ground relied upon by defendant.

2. Defendant further demurs to the complaint for that it is not alleged therein and it does not appear therefrom (a) that the plans for said transmission line had been submitted to and approved by the State Architect or (b) that deeds had been procured, delivered and registered conveying to defendant the right of way over which said transmission line had been constructed.

(a) There is no statute in this State requiring that plans for new schoolhouses or for repairs to or equipment for old schoolhouses shall

be submitted to or approved by the State Architect. C. S., 7492, when in force, applied only to buildings to be erected or which had been erected at State institutions; it did not apply to school buildings over which the county board of education had jurisdiction. This statute however, has been repealed. Public Laws 1921, chap. 213.

C. S., vol. III, sec. 5468 provides that the county board of education shall not be authorized to invest any money in any schoolhouse that is not built in accordance with plans approved by the State Superintendent of Public Instruction. The contract set out in the complaint herein is not for the building of a new schoolhouse. It is a contract made in August, 1924, to provide for the lighting of a schoolhouse erected during that year. It was the duty of the defendant to provide for the proper lighting of said schoolhouse; it had authority commensurate with the performance of this duty. The lighting of this schoolhouse was one of the needs of the public schools of Granville County for which the board of commissioners of said county had provided funds upon its approval of the budget of May, 1924. C. S., vol. III, sec. 5601. The statute does not require the approval by the State Superintendent of Public Instruction of a contract made by the county board of education providing for the lighting of a public school building.

(b) C. S., vol. III, sec. 5472 is as follows: "The county board of education shall make no contract for the erection or repair of any school building unless the site on which it is located is owned by the county board of education and the deed for the same is properly registered and deposited with the clerk of the court." This statute, the wisdom of which is manifest, cannot be construed as applying to the erection of electric light wires, erected by the board of education to provide for the lighting of a schoolhouse nor to the right of way required for said wires. It applies only to sites for school buildings; it does not extend to or include right of ways. Prudence and good judgment, manifestly, should suggest to a county board of education the advisability of securing satisfactory title to such right of way, but it cannot be held that a failure to procure deeds for such right of way is a violation of the statute or that one who has constructed a transmission line over a right of way cannot recover the contract price without alleging and proving a compliance by the board of education with this statute.

3. Defendant further contends by its demurrer that no cause of action is set out in the complaint for that it is not alleged therein and it does not appear therefrom (a) that defendant had authority to contract for the erection of a transmission line of the length of the line mentioned in the complaint, to wit, from Creedmoor to Wilton, or (b) that defendant has authority to provide by contract for the artificial lighting of a school building.

(a) The general powers of a county board of education will be found in C. S., Art. 5, ch. 95, vol. III. It is there provided that the county board of education shall have general control and supervision of all matters pertaining to the public schools in their respective counties. It is made the duty of the said board of education to provide an adequate school system for the benefit of all the children of the county as directed by law. All powers and duties conferred and imposed by law respecting public schools which are not expressly conferred and imposed upon some other officials are conferred and imposed upon the county board of education.

The distance between Creedmoor and Wilton is not stated in the complaint. This, however, cannot affect the power of the board of education to contract for the erection of a transmission line which in the exercise of its discretion and in good faith it deems necessary or proper for providing lights for the Wilton High School.

(b) It is expressly provided by law that school buildings properly lighted and equipped with suitable desks for the children, and tables and chairs for teachers, are necessary for the maintenance of the six months school term as required by the Constitution. C. S., vol. III, sec. 5467. It is also made the duty of the county board of education to encourage the use of school buildings for civic or community meetings of all kinds that may be beneficial for the patrons of the community. C. S., vol. III, sec. 5478. A construction of the statute conferring power upon the board of education with respect to the lighting of a public school building, and certainly of a high school building, which would limit such power to the providing of light during the day through windows is not required by the letter of the statutes and certainly not by the spirit. The manner in which, and the means by which a public school building shall be lighted, to the end that the people of the community in which it is located may use and enjoy it, are properly to be determined by the board of education, in the exercise of their discretion, and of course, in good faith.

The demurrer upon the grounds set out in writing was properly overruled. The judgment with respect to these grounds of demurrer must be affirmed.

4. In addition to the ground of demurrer, as set out in writing, defendant demurred, *ore tenus,* in this Court, as hereinbefore stated.

(a) C. S., vol. III, sec. 5468, requires that all contracts for buildings erected by the board of education of a county shall be in writing. This manifestly does not apply to contracts for installing apparatus for lighting a school building. There is no statute requiring that the contract upon which this action is brought shall be in writing. However, it appears from the complaint that the proposal was in writing, signed

by N. J. Boddie, and that it, together with the acceptance by defendant, was entered upon the minutes of the very meeting at which the contract was made.

(b) This action is prosecuted by the real party in interest, as appears from the allegations of the complaint. The cause of action arose out of contract. N. J. Boddie, the original party to the contract, having fully performed his agreement with defendant, has transferred and assigned all his right, title and interest in the contract price to plaintiff and now has no interest therein. Plaintiff may therefore prosecute the action to recover the contract price, without prejudice, however, to any defense which defendant has as against N. J. Boddie. C. S., 446. *Guy v. Bullard,* 178 N. C., 228; *Petty v. Rousseau,* 94 N. C., 356.

The demurrer, *ore tenus* cannot be sustained. This Court does not consider or pass upon the wisdom of the contract, which it appears from the complaint defendant made for lighting the Wilton High School building. It holds that as a matter of law, a cause of action is set out in the complaint, in favor of plaintiff and against defendant. This is the sole question presented by the demurrer.

It is alleged in the complaint that the contract was fully performed by N. J. Boddie, plaintiff's assignor, and that defendant has accepted and used the transmission line for the purpose of lighting the Wilton High School building. The school funds should be protected and not expended for purposes not authorized by law. However, the board of education in good faith having entered into the contract which has been fully performed by the other party thereto who now seeks payment for his labor and material, ought not to be relieved of liability by a strained or narrow construction of statutes enacted for the purpose of regulating the manner in which the public business committed to it shall be done.

The judgment overruling the demurrer must be
Affirmed.