The plaintiff is a citizen and resident of the State of Missouri, and is the widow of James H. Tieffenbrun, and is also administratrix of his estate under appointment by the Probate Court of Duncan County, Missouri.
On 30 August, 1925, in the city of Miami, State of Florida, the said James H. Tieffenbrun was struck by an automobile owned and operated by the defendant, who is a resident of the county of Guilford, North Carolina. As a result of the injury so received Tieffenbrun died in Florida on 30 August, 1925. On 29 August, 1927, the plaintiff instituted this suit in Guilford County, North Carolina, against the defendant for the recovery of damages for the wrongful death of said Tieffenbrun. The plaintiff is the wife of said deceased and alleges that the death of her husband was occasioned and brought about by the negligence of defendant in driving and operating his automobile and in violation of certain statutes of Florida, regulating the operation of motor vehicles, which statutes were introduced in evidence at the trial.
The defendant filed an answer denying the allegations of the complaint and alleging that the action could not be maintained for that:
(1) The widow of said deceased could not maintain an action for wrongful death in the courts of North Carolina by virtue of the dissimilarity of the pertinent statutes of North Carolina and Florida.
(2) The suit was brought more than one year after the death of said deceased and could not be maintained in the courts of this State by virtues of the applicability of C. S., 160. *Page 398 
The following judgment was rendered:
"This cause coming on to be heard and being heard by the Hon. Walter E. Moore, judge presiding at the March Civil Term, 1929, of the Superior Court of Guilford County, and a jury, and the jury having been empaneled, the pleadings read, the summons introduced in evidence by the plaintiff, and counsel for plaintiff and defendant having agreed and admitted in open court that the statutory laws of Florida as set out in the complaint are correctly set out therein, and furthermore, that the statute of limitations of the State of Florida applicable to actions for wrongful death is not contained in the statute creating such right of action, and that it is not a condition of such action, but is a general statute of limitations contained in a separate statute, to wit, in the Revised General Statutes of Florida for 1920, section 2930, subsection 6, which reads as follows:
"Within two years — An action by another than the State upon a statute for a penalty or forfeiture; an action for libel, slander, assault, battery or false imprisonment; an action arising upon account of an act causing a wrongful death'; that the said James H. Tieffenbrun, deceased, died on 30 August, 1925. Upon said pleadings, evidence, admissions and agreements, counsel for defendant thereupon made a motion to dismiss said action, for that the same is barred by Consolidated Statutes, section 160, and that the plaintiff is not the proper party to maintain said action:
Thereupon, after hearing and considering the argument of counsel for plaintiff and counsel for the defendant, the contention of counsel for plaintiff being that the limit of time within which this action can be commenced is contained in C. S., 445, and the contention of counsel for defendant that it is contained in C. S., 160, the court finds the following facts:
(1) That this action was instituted for the purpose of recovering damages on account of the wrongful death of James H. Tieffenbrun in the city of Miami, State of Florida, which death occurred on 30 August, 1925;
(2) That a summons was issued in this action by the clerk of the Superior Court of Guilford County on 29 August, 1927, directed to the sheriff of Guilford County, and that the said summons was served on the defendant on the said 29 August, 1927;
(3) That this action was instituted by the plaintiff individually as the widow of James H. Tieffenbrun;
(4) That the statute of limitations of the State of Florida above set out applicable to actions for wrongful death is not applicable to this action, the same being a general statute of limitations of two years not *Page 399 
contained in the wrongful death statute of the State of Florida set out in the complaint herein, and not being a condition of such action.
From the foregoing, the court being of opinion that this action is barred by the time limit contained in C. S., 160, and furthermore that this action cannot be maintained by the plaintiff individually:
It is thereupon considered, ordered and adjudged, that the defendant's motion to dismiss this action be, and the same is hereby granted, and that the said action be, and the same is hereby dismissed, and that the plaintiff be taxed with the cost of said action."
From judgment rendered the plaintiff appealed.
Can an action for wrongful death be maintained in the courts of this State upon a cause of action created by the law of a foreign State for a killing occurring in said foreign State more than one year from the time the action is instituted in this State?
C. S., 160, was originally enacted by chapter 39, Public Laws of 1854, and appeared in the Revised Code of 1854 in chapter 1, sections 8, 9, 10 and 11 thereof. The original verbiage of the act has been changed from time to time and amendments have been added thereto, but these changes have no bearing upon the merits of the question at issue.
The statute has been construed in many decisions of this Court, notably:Taylor v. Iron Co., 94 N.C. 525; Best v. Kinston, 106 N.C. 205,10 S.E. 997; Hartness v. Pharr, 133 N.C. 566, 45 S.E. 901; Lassiter v. R.R., 136 N.C. 89, 48 S.E. 642; Hall v. R. R., 146 N.C. 345,59 S.E. 879; Gulledge v. R. R., 147 N.C. 234, 60 S.E. 1134; Gulledgev. R. R., 148 N.C. 567, 62 S.E. 732; Hall v. R. R., 149 N.C. 108,62 S.E. 899; Trull v. R. R., 151 N.C. 545, 66 S.E. 586; Harrington v.Wadesboro, 153 N.C. 437, 69 S.E. 399; Abernethy v. R. R., 159 N.C. 340,74 S.E. 890; Bennett v. R. R., 159 N.C. 346, 74 S.E. 883;Broadnax v. Broadnax, 160 N.C. 432, 76 S.E. 216; Hood v. Telegraph Co.,162 N.C. 70, 77 S.E. 1096; Mitchell v. Talley, 182 N.C. 683,109 S.E. 882; Capps v. R. R., 183 N.C. 181, 111 S.E. 533; Hatch v. R. R.,183 N.C. 617, 112 S.E. 529; Tonkins v. Cooper, 187 N.C. 570,122 S.E. 294; Craig v. Lumber Co., 189 N.C. 137, 126 S.E. 312; McGuire v.Lumber Co., 190 N.C. 806, 131 S.E. 274; Hanes v. Utilities Co.,191 N.C. 13, 131 S.E. 402; Avery v. Brantley, 191 N.C. 396,131 S.E. 721; Holloway v. Moser, 193 N.C. 185, 136 S.E. 375; Hanie v.Penland, 193 N.C. 800, 138 S.E. 165; Brooks v. *Page 400 Lumber Co., 194 N.C. 141, 138 S.E. 532; Hines v. Foundation, 196 N.C. 322,145 S.E. 612; Neely v. Minus, 196 N.C. 345, 145 S.E. 771.
these decisions have settled the following aspects of wrongful death in this jurisdiction:
(1) No suit can be maintained upon a cause of action arising in this State by any person except an executor or administrator duly appointed by the local court. Hall v. R. R., supra.
(2) If a wife sues in her individual capacity, and after the expiration of one year, seeks to amend by adding the word "administratrix" after her name, the action then becomes a new and independent suit, and the court has no power to permit such amendment. However, if the suit is brought under the Employer's Liability Act, such an amendment made after two years does not constitute a new action. R. R. v. Wulf, 226 U.S. 570; R. R. v.Weyler, 158 U.S. 285.
(3) The law of a foreign State where the cause of action arose pleaded in our courts by way of amendment does not constitute a new cause of action. Lassiter v. R. R., supra.
(4) If an action brought within a year is nonsuited, a new action may be brought within one year after such nonsuit. Trull v. R. R., supra.
(5) Attachment will lie in actions for wrongful death. Mitchell v.Talley, supra.
(6) The action does not abate by reason of the death of defendant.Tonkins v. Cooper, supra.
(7) A wife cannot recover damages for mental anguish and loss of consortium by reason of the wrongful killing of her husband. Craig v.Lumber Co., supra; Hinnant v. Power Co., 189 N.C. 120, 126 S.E. 307. See, also, McDaniel v. Trent Mills, 197 N.C. 342.
(8) The father of a minor child is entitled to one-half of recovery although divorced from the mother who brings the suit as administratrix of such minor. Avery v. Brantley, supra.
(9) The deposition of an injured party duly and properly taken in a suit for damages for personal injury is competent in an action for the wrongful death of such party. Hartis v. Electric R. R., 162 N.C. 236,78 S.E. 164.
(10) If there is a discontinuance, a new summons issued after one year, constitutes a new action, which is not maintainable. McGuire v. Lumber Co.,supra.
(11) The fact that a defendant is a nonresident does not excuse the failure to bring a suit within one year. Neely v. Minus, supra.
(12) A widow's year's allowance or support cannot be allotted out of the proceeds of a recovery. Broadnax v. Broadnax, supra. *Page 401 
(13) Commissions of the administrator, court costs and expenses, and counsel fees may be paid out of the recovery. Baker v. R. R., 91 N.C. 308.
(14) If the cause of action arose in a foreign State, issues of fact must be determined by the rules of evidence obtaining in this jurisdiction. However, the issues are governed by the law of the State where the cause of action arose. Harrison v. R. R., 168 N.C. 382, 84 S.E. 519.
In all of our decisions upon the subject the general principle is announced that the time limit of one year prescribed in C. S., 160, is a condition annexed to the cause of action. Construing the statute in Taylorv. Cranberry Iron Co., 94 N.C. 525, this Court said: "This is not strictly a statute of limitation. It gives a right of action that would not otherwise exist, and the action to enforce it, must be brought within one year after the death of the testator or intestate, else the right of action will be lost. It must be accepted in all respects as the statute gives it. Why the action was not brought within the time does not appear, but any explanation in that respect would be unavailing, as there is no saving clause as to the time within which the action must be begun."
It has also been held in a long line of cases that it is not necessary to plead C. S., 160, as a statute of limitation, but that evidence must be introduced at the trial showing that the action was brought within the statutory period. In some of the cases the time clause is referred to as a "statutory condition of liability." The overwhelming weight of authority, declared in textbooks and in decisions of Appellate Courts, is to the effect that the time clause is a condition annexed to the cause of action. It is also thoroughly settled that an action for wrongful death is transitory.
In view of the aforesaid principles of law, the plaintiff asserts that she has the right to maintain an action in the courts of North Carolina for the death of her husband in Florida, occasioned by the negligence of a resident of this State. She proceeds upon the theory that by reason of the fact that such causes of action are transitory they follow the person, and can, therefore, be asserted in any forum which has jurisdiction of the parties and of the cause of action. Furthermore, if the time limit contained in C. S., 160, is annexed to the cause of action, it cannot be a statute of limitations, and as she brings to North Carolina a valid cause of action from Florida, she is entitled to maintain the same in our courts.
The record discloses that the Florida statute of limitations applicable is two years from the time of death, and this suit was brought in Guilford County on the day preceding the expiration of the two-year period. *Page 402 
The determinative question, then, is whether the time limit of C. S., 160, constitutes a statute of limitation as well as a condition annexed to liability.
"Statutes of limitation are such legislative enactments as prescribe the periods within which actions may be brought upon certain claims, or within which certain rights may be enforced. Statutes which provide that no action shall be brought, or right enforced, unless brought or enforced within a certain time, are statutes of limitations." Wood on Limitations, Vol. 1, sec. 1. It is a general rule declared in the textbooks and in the decisions of Appellate Courts that statutes of limitations being procedural in nature and working upon the remedy, govern the cause of action in the particular forum in which such cause of action is asserted. In other words, the statute of limitations of the place of trial, or lex fori, governs the action.
The case at bar, therefore, squarely presents the question as to whether a cause of action arising in one State can be maintained in another State having a shorter time period. This question has occasioned extensive debate among textwriters and judges. Wharton on Conflict of Laws, 3 ed., Vol. II, page 1264, says: "While the bar of the statute by which the cause of action is created thus precludes the maintenance of an action thereon in another jurisdiction, the law of which allows a longer period, the converse is not necessarily true; though some of the cases hold that the statute creating the cause of action governs in this respect, when it prescribes a longer, as well as when it prescribes a shorter, period than that fixed by the law of the forum. This view, however, seems to rest upon a misapprehension. The reason the lapse of the time prescribed by the statute creating the cause of action prevents the maintenance of an action in another jurisdiction is that it extinguishes the cause of action, and there is thenceforth nothing to support an action in any jurisdiction. Assuming, however, that the time allowed by the foreign statute creating the cause of action has not expired, the plaintiff comes to the bar of the forum with a concededly existing cause of action; but it is not apparent why an action thereon does not, as in the case of an existing cause of action at common law, fall within the operation of the general principle that the limitation of actions is governed by the law of the forum." The contrary theory is announced in Keep v. National Tube Co., 154 Fed., 121, and in Theroux v.Northern Pac. R. R. Co., 64 Fed., 84. In the Keep case, supra, the injured party died in Minnesota. The administrator brought suit in the Federal Court of New Jersey. The statute of the forum, to wit, New Jersey, provided that the suit should be brought by the personal representative of the deceased, and that the recovery was for the exclusive benefit of the widow and next of kin. The time limit was *Page 403 
twelve months. The Minnesota statute, where the death occurred, limited the recovery to $5,000, and the time limit prescribed was two years. The Court said: "The record of this case shows, however, that this action was commenced more than twelve months after the death of the plaintiff's intestate, though within two years from that time. The defendant contends that no action can be maintained on the Minnesota statute in New Jersey after the expiration of the period of twelve months limited in the New Jersey statute. It is true that actions are barred not by the lex loci, but the lex fori; but the limitation of time within which an action may be instituted under the Minnesota statute, or that within which it may be instituted under the New Jersey statute, is so connected with the right of action itself that it does not operate as a mere limitation of time within which the remedy may be prosecuted. A general statute of limitations curtails a preexistent common-law right; but the right of action for damages resulting from death is unknown to the common law. It is a new right created by statute for a limited period. In Minnesota that right exists for two years; in New Jersey it exists for twelve months. One who acquires such a right under the New Jersey statute, or under the Minnesota statute, may carry it with him into any jurisdiction where a substantially similar right has been created. Why should the time within which such a right may be enforced be curtailed in a jurisdiction different from that in which the right was created by any statute other than one which, like a general statute of limitations, operates on the remedy only?"
In the Theroux case the death occurred in Montana and suit was brought in Minnesota. The Montana statute prescribed three years, and the Minnesota statute two years. The suit was brought after two years, but within the three-year period. The Theroux case declares: "It follows, of course, that, if the courts of another State refuse to permit the cause of action to be sued upon during a part of the period limited by the foreign law, to that extent they refuse to give effect to the foreign law, and by so doing impair the rights intended to be created." Many authorities are cited and quoted from in both cases. Negaubauer v. Great Northern R. R. Co., 99 N.W. 620, 2 Ann. Cas.; Brunswick Terminal Co. v. National Bank, 99 Fed., 635, 48 L.R.A., 625.
The author of a note upon the question in 46 L.R.A. (N.S.), p. 687, discusses the cases dealing with the conflict arising by virtue of a longer period of limitation in the State where the cause of action arose and the shorter period of limitation in the State where the suit is brought. After summarizing the various arguments, he concludes as follows: "As already stated, it is not apparent why the doctrine that the limitation prescribed by the foreign statute which creates the right of action, so that the latter is extinguished when the time so prescribed has expired, *Page 404 
and will not thereafter sustain an action anywhere, should exclude the operation of the general rule which refers the question of limitation to the lex fori if the period prescribed by the foreign statute has not expired." Goodrich on Conflict of Laws, p. 171, says: "Suit on a cause of action created by statute thus limiting the right must, then, be brought within the time fixed by the law creating the claim. Suppose, however, that the lex fori creates a cause of action under similar circumstances, but provides a shorter limitation period. It would seem that the plaintiff could not recover if his action was not within the limitation period set by the lex fori also. The right is not gone until it is lost under the law creating it. But the statute of the forum shows the local policy as to the time in which such actions are to be brought. It could well be interpreted as limiting locally created rights, and as a procedural bar to all actions of this type, no matter where arising. The authorities are divided on the question, which cannot be regarded as settled."
The authorities supporting both theories are assembled in a note appended to the above text.
All statutes of limitations are essentially time clocks, and while C. S., 160, has been construed as a condition annexed to the cause of action, it is also a time limit to the procedure. At all events, it is a legislative declaration of the policy of this State, providing in express and mandatory language that no action for wrongful death shall be asserted in the courts of this State after the expiration of one year from the time of death. Certainly, it is not to be supposed that the legislative department intended to confer upon nonresidents more extensive rights in the courts than accorded to citizens of this State.
Affirmed.