H. L. WILSON, ADMINISTRATOR OF ESTATE OF WILLIAM N. WILSON, v. J. N. CHASTAIN, E. L. TORRENCE, AND RULANE GAS COMPANY, A CORPORATION.

(Filed 4 May, 1949.)

1. **Death § 4—**

The requirement that an action for wrongful death be brought within one year after such death is a condition annexed to the cause of action itself, and not a statute of limitation, and the personal representative must

allege and prove that his action is instituted within the time prescribed. G.S. 28-173.

**2. Pleadings § 15—**

Upon demurrer, the pleading must be construed liberally in favor of the pleader, giving him every reasonable intendment and presumption therefrom, and the pleading must be fatally defective before it will be wholly rejected.

**3. Death § 6—**

In this action for wrongful death it was alleged that death occurred "on or about midnight of November 21-22, 1947, and which is less than one year next preceding the institution of this action." The summons and complaint were stamped "filed Nov. 22, 1948, at 2:35 p.m." *Held:* Demurrer on the ground that it appeared upon the face of the complaint and record that the action was not brought within one year of death, was properly overruled.

APPEAL by defendant, Rulane Gas Company, from *Clement, J.,* at February Term, 1949, of MECKLENBURG.

Plaintiff sued defendants for damages for the death of his intestate upon a complaint alleging that such death, "which occurred on or about midnight of 21-22 November, 1947, and which is less than one year next proceeding the institution of this action, was due to, caused by, and followed as a direct and proximate result of the joint and concurrent negligence of the defendants and each of them" in specified particulars. Summons was issued and served 22 November, 1948. Both the summons and the complaint bear stamped notations reading as follows: "Filed Nov. 22, 1948, at 2:35 P. M. J. Lester Wolfe, C. S. C." The defendant, Rulane Gas Company, demurred "to the complaint of the plaintiff for that it affirmatively appears upon the face of the complaint and the record that the action is one for wrongful death, which said action was not instituted within a year of the plaintiff's intestate's death." The court overruled the demurrer, and the defendant, Rulane Gas Company, appealed, assigning such ruling as error.

*Henry E. Fisher and Walter K. Covington, for plaintiff, appellee.*
*Jones & Small for defendant, Rulane Gas Company.*

ERVIN, J. When a personal representative sues for damages for the wrongful death of his decedent, he must allege and prove that his action "is brought within one year after such death." G.S. 28-173. This is true because the statutory requirement that the suit must be commenced within that time is not a mere statute of limitations, but is a condition annexed to the cause of action itself. By this it is meant that the right given by the statute is one to sue within the specified period, and not thereafter.

*McCoy v. R. R.,* 229 N.C. 57, 47 S.E. 2d 532; *George v. R. R.,* 210 N.C. 58, 185 S.E. 431; *Curlee v. Power Co.,* 205 N.C. 644, 172 S.E. 329; *Mathis v. Manufacturing Co.,* 204 N.C. 434, 163 S.E. 515; *Davis v. R. R.,* 200 N.C. 345, 157 S.E. 11; *Tieffenbrun v. Flannery,* 198 N.C. 397, 151 S.E. 857; 68 A.L.R. 210; *Neely v. Minus,* 196 N.C. 345, 145 S.E. 771; *Hanie v. Penland,* 193 N.C. 800, 138 S.E. 165; *McGuire v. Lumber Co.,* 190 N.C. 806, 131 S.E. 274; *Hatch v. R. R.,* 183 N.C. 617, 112 S.E. 529; *Bennett v. R. R.,* 159 N.C. 345, 74 S.E. 883; *Gulledge v. R. R.,* 147 N.C. 234, 60 S.E. 1134; 125 Am. St. Rep. 544 reh. den. 148 N.C. 567, 62 S.E. 732; *Best v. Town of Kinston,* 106 N.C. 205, 10 S.E. 997; *Taylor v. Iron Co.,* 94 N.C. 525.

A demurrer is "the formal mode of disputing the sufficiency in law of the pleading to which it pertains." *Conrad v. Board of Education,* 190 N.C. 389, 130 S.E. 53; *Manning v. R. R.,* 188 N.C. 648, 125 S.E. 555. The demurrer interposed by the defendant, Rulane Gas Company, asserts, in substance, that no cause of action is stated against it by the plaintiff because it "appears upon the face of the complaint and the record" that the action was not brought within one year after the death of plaintiff's intestate. In ruling on a demurrer to a pleading, the pleading must be liberally construed, and every reasonable intendment and presumption must be in favor of the pleader, and the pleading must be fatally defective before it will be wholly rejected. G.S. 1-151; *Winston v. Lumber Co.,* 227 N.C. 339, 42 S.E. 2d 218. Although the allegations of the complaint relating to the date of the intestate's death may be somewhat lacking in desired plainness and conciseness of statement, they do set forth the specific averment that such event took place "less than one year next preceding the institution of this action." In consequence, the complaint is sufficient to survive the demurrer.

The other questions debated in the briefs and on the argument do not arise on the present record.

The judgment overruling the demurrer is

Affirmed.